Louis G. Bruhn, J.
This is an article 78 proceeding brought to annul a determination of the respondent with relation to a sales tax imposed on the operation of coin-operated machines.
There apparently is no dispute as to the facts upon which the respondent made his determination but the challenge of the petitioner is a two-pronged thrust at the law involved.
The petitioner is a domestic corporation engaged in the operation of a car wash and waxing service through coin-operated machines.
The machines for such service are activated by the customer’s insertion of a 25-cent coin in them.
In addition to such services the petitioner also has coin-operated machines which provide towels and other commodities upon the insertion of a 10-cent coin in the respective machine.
Following a requested hearing after the necessary preliminaries were completed the State Tax Commission, so far as germane to the instant disposition, found:
“ (6) The taxpayer contends that its only duty is to collect the tax pursuant to section 1131 of the Tax Law as trustee for and on account of the State pursuant to section 1132 of said law and that the taxpayer is not liable to pay any tax on receipts of 250 or less under the schedules promulgated by the Tax Commission pursuant to section 1132 of the Tax Law.
“ (7) That section 1105 (a) of the Tax Law imposes a tax on the receipts from every retail sale of tangible personal property and section 1105 (c) (3) imposes a tax on the receipts from ‘1 maintaining, servicing, repairing tangible personal property *402 not held for sale in the regular course of business, whether or not the services are performed directly or by means of coin-operated equipment ’ \
“ (8) Section 1137 of the Tax Law provides that Every person required to file a return * * * shall, at the time of filing such return, pay to the tax commission the taxes imposed by this article
‘ ‘ Based upon the foregoing findings and all of the evidence presented herein, the State Tax Commission hereby,
“DETERMINES:
“ (A) That all of the receipts from the sales made and the services rendered by the taxpayer by means of coin-operated machines are subject to the sales tax imposed by section 1105 of the Tax Law whether or not the tax is collected by the taxpayer.
“(B) That the notice assessing additional sales tax against Bethlehem Auto Laundry, Inc. for the periods ending February 28,1966 and May 31,1966 is correct and,
“(C) That the taxpayer’s application is hereby denied.”
Since (A), (B) and (C), supra, constitute the complete determinations of the commission it becomes evident immediately that the commission made no specific determination with regard to paragraph “ (6) ”, supra, relating to the exemption claimed under section 1132.
Under those circumstances, even were this court to agree that the commission’s determinations under (A) were correct it would not be fully dispositive of the matter since section 1132 might well relieve the petitioner from payment because of the amount involved in each individual sale.
CPLR 7806 provides, in part: “ If the proceeding was brought to review a determination, the judgment may annul or confirm the determination in whole or in part, or modify it, and may direct or prohibit specified action by the respondent.” (Italics supplied.)
Within the framework of such statutory power and the inherent power of this court to seek a complete review rather than one of piecemeal variety, there apparently is no question but that this court can remit the matter to the commission to make a specific determination concerning the petitioner’s contention relating to sections 1131 and 1132 so that its determination will be complete and in reviewable form.
In a recent case in this Department, Matter of Briggs v. Page (15 A D 2d 34, 37) the court stated: “ All this requires a much more comprehensive and plenary resolution of the facts than the *403 Director has given us in this record. Indeed, there is no determination of facts at all in his decision. He says merely, ‘ I hereby determine upon all of the record that the sales tax assessment * * * is legally due ’. This is not a finding of any fact; but an ultimate conclusion of law.” (Italics supplied.)
For those reasons the instant determination should be annulled without costs and the matter remitted to the commission for clear factual findings on both of the principal questions raised and for such other proof, as, in the judgment of the commission, may be relevant to such questions.
Such determination is made, however, without prejudice to a renewal by the petitioner, if so advised, of a new article 78 proceeding within the required statutory period following new determination.