Arthur E. Bryn, J.
But Judge, we’ve always done it this way! In effect, this is what the Tax Commission of the City of New York said to the court in connection with an effort, by an article 78 proceeding, to review a denial by the tax commission of an application by the petitioner, Pacifica Foundation, for a tax exemption for property owned by it and used by station WBAI, a wholly owned subsidiary of Pacifica.
Pacifica Foundation is a not-for-profit corporation organized under the laws of California. It became the owner of all of the stock of WBAI-FM, Inc. The property owned by Pacifica and used by WBAI-FM is located at 357-359 East 62nd Street, in the County of New York. The article 78 proceeding commenced by Pacifica was in response to two letters from the tax commission, which letters merely stated that the application for *551 the tax years, subject of the application, had been denied. Special Term, Part I, had directed that the article 78 proceeding be set down for a trial of the issues. It thus came before this court for that purpose.
At a pretrial conference, the papers submitted in the article 78 proceeding which had been provided to the court by the parties prior to such conference, were reviewed by this court. At this conference the court pointed out to counsel for the parties that it was clear that each of them intended at the trial to go into matters which had not been before the tax commission. It also became clear that there was no record or transcript to review. The only papers which the court could review were the application by Pacifica for exemption and the two letters denying the application.
The petitioner had intended at the trial to submit evidence through various witnesses to support its contention that one of the exclusive purposes of the sole user of the property, WBAI-FM, is the ‘ ‘ moral or mental improvement of men, women or children ”, which use, under provisions of section 421 of the Beal Property Tax Law, is a basis for tax exemption. The respondent, the tax commission, in turn was planning to submit evidence at the trial that the user of the property, WBAI-FM, was and still is a stock corporation, and also evidence relating to the acquisition of WBAI-FM by Pacifica Foundation through “purchase” or through “donation” by one Louis Schweitzer. Both parties acknowledged that these issues had not been before the tax commission.
It was in response to an inquiry by the court as to how it could, in this article 78 proceeding in the nature of certiorari to review, act when there was no meaningful record or transcript to review, that the tax commission stated that it had always handled applications for tax exemption in this manner, i.e., without a formal hearing and without a written record. Counsel for the tax commission went even further than this by stating “As ,a matter of fact, the determination in each of those cases as I pointed out before can be made with no hearing. There is no requirement in the tax law ”.
Section 164 of the New York City Charter provides as follows:
“Procedure on application.— Between the first day of February and the twenty-fifth day of May, the tax commission may itself or by a commissioner or assessor thereunto authorized by the commission, act upon applications, compel the attendance of witnesses, administer oaths or affirmations and examine applicants and other witnesses under oath. It shall make rules *552 of practice for proceedings before the tax commission, and such rules and regulations as may be appropriate and expedient to the end that the taxpayers may have a hearing in the borough in which they reside or in which their property is located ’ ’. (Emphasis supplied.)
This provision, which is the basis for the function and existence of the tax commission, does not, in the opinion of the court, support the position taken by the tax commission and its counsel. First, as to the contention by the tax commission that the court can go into matters not before the tax commission in the papers before it, a significant case is Matter of Newbrand v. City of Yonkers (285 N. Y. 164, 178) in which Chief Judge Lehmaw said: “ A court or referee has no power, however, under the statute, to substitute new findings of fact based on evidence presented to it in place of findings made by the Board, upon whom the duty of determining the facts was placed by law, or even to take new evidence in regard to those facts where a hearing has been held as required by law.”
Of much greater importance to the court is the fact that the tax commission has, in a matter involving valuable claimed rights of the petitioner, deprived Pacifica Foundation of due process in its denial of petitioner’s application for tax exemption. In the leading case on this question, the Court of Appeals in Stuart v. Palmer (74 N. Y. 183, 190-191) decided in 1878 and still the law of the State, stated: “ ‘ Due process of law,’ is not confined to judicial proceedings, but extends to every case which may deprive a citizen of life, liberty, or property, whether the proceeding be judicial, administrative, or executive in its nature * * * This great guaranty is always and everywhere present to protect the citizen against arbitrary interference with these sacred rights.” And the court went on to say (p. 191): “ It may however be stated generally that due process of law requires an orderly proceeding’ adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights. A hearing or an opportunity to be heard, is absolutely essential. We cannot conceive of due process of law without this. ’ ’
Even if, as the tax commission claims, it has been upheld in hundreds of cases in the past in its position that it is not required to afford a hearing to applicants for tax exemption, the court, as it stated at the pretrial conference, takes the position that the concept of due process is a constantly expanding one. Recent examples are the decisions of the United States Supreme *553 Court in Sniadich, v. Family Finance Corp. (395 U. S. 337); Fuentes v. Shevin (407 U. S. 67); Mitchell v. Grant Co. (42 U. S. Law Week 4671) and the decision of a three-Judge Federal constitutional court referred to in a front page story in the New York Law Journal of October 21, 1974, Sugar v. Curtis Circulation Co. (383 F. Supp. 643), in which that court struck down the ancient (and “we always did this way”) ex parte prejudgment attachment provided for in CPLE 6201 and its many predecessors. The thrust of these decisions is in the spirit of the expanding nature of our law and, at the heart of all four decisions is the need for a hearing, i.e., due process. Such need for a hearing is, as the Supreme Court stressed in Poller v. Columbia Broadcasting (368 U. S. 464, 473), rendered all the more compelling where, as here, the issues involved are notably unsuitable to determination on documentary proof alone.
The court now arrives at the question as to what is to be done at this point.
In the Matter of Bethlehem Laundry v. Murphy (55 Misc 2d 401, 402 — 403) the court wrote:
“CPLE 7806 provides in part: ‘If the proceeding was brought to review a determination, the judgment may annul or confirm the determination in whole or in part, or modify it, and may direct or prohibit specified action by the respondent ’. (Italics supplied.)
“Within the framework of such statutory power and the inherent power of this court to seek a complete review rather than one of piecemeal variety, there apparently is no question but that this court can remit the matter to the commission to make a specific determination concerning the petitioner’s contention * * * so that its determination will be complete and in reviewable form ”, citing Matter of Briggs v. Page (15 A D 2d 34, 37), where the court said: “‘All this requires a much more comprehensive and plenary resolution of the facts than the Director has given us on this record. Indeed, there is no determination of facts at all in his decision. He says merely “I hereby determine upon all the record that the sales tax assessment * * * is legally due.” This is not a finding of any fact, but an ultimate conclusion of law.’ (Italics is up-, plied.) ” See, also, Matter of Dillard v. New York City Tr. Auth. (34 A D 2d 995), holding that where the record is insufficient to permit a determination of the question presented, the proceeding will be remanded to the administrative body for further hearing.
*554 In these circumstances and in the interest of. justice, the court has decided that this matter should be remanded to the tax commission for reconsideration of the entire, matter, de novo. Upon such remand the new hearing shall be conducted by the tax commission in a manner consistent with due process and as provided in section 164 of the New York City Charter, i.e., the attendance of witnesses, their testimony under oath, etc., and that a proper transcript of such a hearing' be made so that, after a determination by the tax commission, if a new article 78 proceeding be commenced the court will have an adequate record to review. This decision is, therefore, without prejudice to renewal by the petitioner of another article 78 proceeding after such determination, if petitioner so decides.