■ In the Matter of F. W. WOOLWORTH COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a franchise tax assessment imposed under Tax Law article 9-A.

The instant proceeding involves a determination of respondent sustaining the disallowance of a portion of petitioner's interest expenses for long-term and short-term debts as a deduction from net income on petitioner's State franchise tax for 1977. Petitioner, a New York corporation, is a long-established retailer of merchandise throughout the United States and its territories. It also has 11 subsidiaries worldwide, all but one of which are wholly owned. It is not disputed, however, that virtually all the subsidiaries are operated totally independently of the parent corporation and are in no way functionally integrated with petitioner. In its 1977 State corporate franchise tax report, petitioner's computation of net

income excluded dividends received from the subsidiaries of some $77 million, as permitted by Tax Law § 208 (9) (a) (1). It claimed a deduction of some $45 million from reported income for interest payments on short-term, long-term and other debts. The Audit Division of the State Department of Taxation and Finance disallowed a portion of the deduction pursuant to Tax Law § 208 (9) (b) (6), under which net income is to be determined without the exclusion of, "in the discretion of the tax commission, any amount of interest directly or indirectly * * * attributable * * * to subsidiary capital or to income, gains or losses from subsidiary capital".

After an administrative hearing, respondent upheld an additional assessment as to a portion of petitioner's interest expenses on long-term and short-term debts, and allowed the deduction as to interest on debts connected to tax deficiencies, mortgage loans and employee stock purchases. The portion of total interest on short-term and long-term debts disallowed as a deduction was determined by the ratio of the adjusted cost of subsidiary capital to petitioner's average total assets, excluding retained earnings of subsidiaries. Petitioner now challenges that determination.

The primary contention of petitioner is that respondent's determination that any amount of interest in question was directly or indirectly attributable to petitioner's investment in its subsidiaries was arbitrary, capricious and completely refuted by the uncontradicted evidence at the hearing. Tax Law § 208 (9) (b) (6) has not previously been the subject of judicial review. Petitioner and respondent agree that the purpose of the exclusion under that section is to prevent a parent corporation from obtaining a double tax benefit by taking a deduction for interest payments on loans incurred for directly or indirectly financing investments in subsidiaries while at the same time the parent's income derived from such investments is tax free. The parties both point to a comparable policy in the Federal income tax treatment of investments in tax-exempt securities. Under Internal Revenue Code § 265 (2) (26 USC § 265 [2]), "[i]nterest on indebtedness incurred or continued to purchase or carry" tax-exempt obligations is not deductible. Both respondent and petitioner look to Federal regulatory guidelines and the decisions of the Federal courts under 26 USC § 265 (2) as persuasive if not controlling authority.

Petitioner cites Federal tax precedents for the proposition that the mere simultaneous existence of an indebtedness and the holding of a tax-exempt investment is not sufficient for attribution; there must be facts and circumstances showing

" 'a sufficiently direct relationship' or a 'purposive connection' between the incurring or continuing of the indebtedness and the acquisition or holding of the tax-exempt [investment]" *(Handy Button Mach. Co. v Commissioner of Internal Revenue,* 61 USTC 846, 852). Petitioner urges that its undisputed proof negated any connection between the interest-bearing debts and its investment in subsidiaries other than their simultaneous existence. Most of the subsidiaries were acquired before the debts were incurred. None of the proceeds of its borrowing went to acquire or fund additional investment in any subsidiary. In fact, the proof was conclusive that petitioner's short-term borrowing was used to finance the purchase of inventory and other operational expenses and that the purpose of its long-term debt, most of which was incurred in the form of notes and debentures in 1971 and 1974, was solely to replace short-term debt under a self-imposed automatic cap on short-term borrowing.

We disagree with the conclusion urged by petitioner. Contrary to petitioner's contention, it is not alone sufficient to defeat disallowance of the interest deduction that the incurrence of the indebtedness can be directly attributed to a separate, bona fide business purpose. Tax Law § 208 (9) (b) (6) speaks also of *indirect* attribution and, thus, envisages situations where the parent corporation may have had a dual purpose in borrowing and where the requisite connection between the debt and the investment in subsidiaries is only inferable from other facts and circumstances surrounding the pertinent transactions. The Federal cases under 26 USC § 265 (2), which is more explicit than the section of the Tax Law at issue here in requiring proof of the taxpayer's purpose "to purchase or carry" tax-exempt securities in incurring or continuing debt, similarly hold that subjective intent is not controlling and that the necessary connection between the debt and the tax-free investment can be found despite proof that the loans were used for meeting recurrent operational needs of the taxpayer's business, particularly where, as here, those needs were foreseeable *(Wisconsin Cheeseman v United States,* 388 F2d 420, 422-423; *Earl Drown Corp. v Commissioner of Internal Revenue,* 86 USTC 217, 223-225).

In our view, there were objective facts and circumstances from which respondent could readily infer that petitioner's short-term and long-term debt obligations were indirectly attributable to its investments in subsidiaries. It is uncontested that the subsidiaries were operated as discrete business entities and, thus, it may be deduced that petitioner's invest-

ment in them was not related to any direct operational purposes of petitioner. There was evidence to support respondent's finding of a pattern of business borrowing in which the short-term debts were incurred to meet petitioner's foreseeable, recurrent needs for working capital. The long-term debt obligations were undertaken by petitioner on a consolidated basis, and merely to replace short-term debts. In its 1977 fiscal year, petitioner's average liability per month on short-term loans was $276 million. Nonetheless, petitioner has increased its investment in subsidiaries by some $235 million in undistributed earnings of those entities since 1967. Although petitioner operated its wholly owned subsidiaries autonomously from its own business, it obviously had effective control over their dividend policies. By 1977, the book value of the subsidiaries, including accumulated earnings, represented almost 40% of petitioner's entire net assets. There was no showing that the increase in investment in subsidiaries was necessitated by the reasonable needs of petitioner's retailing business operations. Petitioner, also during the same period, made actual cash advances to one subsidiary aggregating approximately $8 million. Respondent could rationally conclude that petitioner made a conscious decision to expand its investment in subsidiaries and that its borrowing was a necessary element of petitioner's ability to accomplish that purpose. Comparable circumstances have been held sufficient to sustain disallowance of the interest deduction under the Federal cases involving the financing of investments in tax-exempt securities *(see, Illinois Term. R. R. Co. v United States,* 375 F2d 1016, 1021; *Earl Drown Corp. v Commissioner of Internal Revenue,* 86 USTC 217, 225, *supra).* Indeed, the size of petitioner's holdings in its subsidiaries as a principal form of its entire assets alone support the inference of an inextricable connection between its decisions as to these investments and its financing practices *(Israelson v United States,* 367 F Supp 1104, 1107, *affd* 508 F2d 838; Rev Proc 72-18, 1972-1 C B 740, 743). Petitioner consciously continued and permitted its investments in subsidiaries to grow despite its foreseeable need to finance ordinary business expenses *(see, Wisconsin Cheeseman v United States, supra,* p 423). Since there are facts and reasonable inferences from the facts to support respondent's attribution of petitioner's interest expenses to its holding of subsidiary capital, the determination in that respect must be upheld *(see, Matter of Levin v Gallman,* 42 NY2d 32, 34).

Petitioner's remaining contentions are equally without merit. As to its due process objection, petitioner, a New York

domiciliary, constitutionally may be taxed on its out-of-State dividends as well as other income, unless such taxation offends the commerce clause *(see, Memphis Gas Co. v Beeler,* 315 US 649, 652). Petitioner has not challenged on commerce clause grounds the disallowance of interest expense related to out-of-State dividend income which New York has chosen by statute not to tax. Petitioner's reliance on *Woolworth Co. v Taxation & Revenue Dept.* (458 US 354) is unavailing since that case involved taxation of a portion of petitioner's dividends received from subsidiaries by a nondomiciliary corporation. Nor has petitioner sustained its burden of demonstrating that the allocation formula employed by respondent for computing the interest attributable to subsidiary capital, or the values applied therein, produced an erroneous or unfair result *(see,* Tax Law § 689 [e]; *Matter of Delia v Chu,* 106 AD2d 815, 816).

Determination confirmed, and petition dismissed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.