In the Matter of THOMAS J. FOLEY, Appellant, v RICHARD E. NELSON et al., Respondents, and ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor-Respondent. (Proceeding No. 1.)

In the Matter of EDWARD T. FRENCH, Appellant, v GEORGE W. O'CONNOR, as Commissioner of Public Safety of the City of Troy, Respondent, and ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor-Respondent. (Proceeding No. 2.)

Third Department, May 14, 1987

**APPEARANCES OF COUNSEL**

*Grasso & Grasso (Lawrence T. Dahlke* of counsel), for appellants.

*Alfred L Goldberger, Corporation Counsel (William W. Oliver* of counsel), for Richard E. Nelson and another, respondents.

*Donald C. Bowes* for George W. O'Connor, respondent.

*Robert Abrams, Attorney-General (Calvin M. Berger* and *William J. Kogan* of counsel), in his statutory capacity under Executive Law § 71.

**OPINION OF THE COURT**

HARVEY, J.

The constitutionality of Retirement and Social Security Law § 363-c is challenged in these appeals. Petitioner Thomas J. Foley had been employed as a police officer by the City of Schenectady since 1959 when, in 1980, he sustained an injury which prevented him from carrying on his duties. His employer filed an application on his behalf for accidental disability retirement benefits. If accepted, Foley would have received approximately three quarters of his pay under this benefit. The application, however, was rejected and the city was thus required to continue to provide Foley with full compensation pursuant to General Municipal Law § 207-c.

Similarly, petitioner Edward T. French had been employed with the City of Troy from 1961 until he suffered a heart attack while on the job in 1977. French's application for accidental disability retirement benefits was denied and he was subsequently granted the benefits provided by General Municipal Law § 207-c.

In 1984, the Legislature added a new performance duty disability retirement benefit to the Retirement and Social Security Law (L 1984, ch 661). This new section provided a benefit of approximately one-half pay (plus any applicable workers' compensation and Social Security disability benefits) to police officers such as petitioners who had become disabled while on the job but who had not qualified for accidental disability retirement benefits. The statute provided that an employer could file an application on behalf of an employee (Retirement and Social Security Law § 363-c [c] [2]). The statute was made applicable to occurrences before or after its effective date (Retirement and Social Security Law § 363-c [e] [c]).* Also enacted as part of Laws of 1984 (ch 661) was an amendment to General Municipal Law § 207-c providing that an employer would be permitted to terminate salary payments to an employee who was granted duty disability retirement benefits.

The employers of petitioners successfully submitted applications on behalf of petitioners for duty disability retirement benefits. Each petitioner was thus retired and their employers were then permitted to terminate their General Municipal Law § 207-c salary payments. Petitioners then commenced these proceedings alleging, *inter alia,* that Retirement and Social Security Law § 363-c was unconstitutional as applied to them. Both petitions were dismissed and these appeals followed.

Statutes carry a strong presumption of constitutionality and the burden of overcoming this presumption is upon the one challenging the statute *(see, e.g., New York State Coalition for Criminal Justice v Coughlin,* 103 AD2d 40, 45, *affd* 64 NY2d 660; *People v Buyce,* 97 AD2d 632). The crux of this controversy is the Legislature's decision, when adding Retirement and Social Security Law § 363-c and amending General Munic-

---

* Since the issue was not raised by the parties, we do not need to address whether the applicability of the statute to occurrences prior to its enactment is severely restricted by the procedures prescribed in the statute *(see,* Retirement and Social Security Law § 363-c [e] [a], [b]).

ipal Law § 207-c, not to require municipalities to make up the difference between the new retirement benefit and full compensation. It is, in essence, benefits under General Municipal Law § 207-c which have been decreased. When construing a similar statute which applied to firemen (General Municipal Law § 207-a), the Court of Appeals held that benefits under the General Municipal Law are not contractual rights protected by the US Constitution *(Cook v City of Binghamton,* 48 NY2d 323). Further, benefits provided under the pertinent section of the General Municipal Law are part of the terms and conditions of employment which can be altered by the Legislature without infringing on the right guaranteed by the NY Constitution (art V, § 7) not to diminish pension or retirement benefits *(Cook v City of Binghamton, supra,* at 332). Accordingly, the decision not to require municipalities to provide the difference between the duty disability retirement benefit and full compensation was not in violation of the NY or US Constitutions.

Petitioners have failed to submit evidence indicating that Retirement and Social Security Law § 363-c diminished or impaired any of their *retirement* benefits. Hence, they have failed to meet their heavy burden of proving the statute unconstitutional. The remaining contentions raised by petitioners have been considered and found either meritless or precluded from review by petitioners' failure to raise the issues before Special Term.

MAHONEY, P. J., WEISS, MIKOLL and LEVINE, JJ., concur.

Judgments affirmed, without costs.