PATRICK D. LAKE, Appellant, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents.

Third Department, March 3, 1988

---

### APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh, P. C. (Claudia McKenna* of counsel), for appellant.

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for Edward Regan and another, respondents.

### OPINION OF THE COURT

HARVEY, J.

The essential facts are not in dispute. Plaintiff was a firefighter for defendant City of Binghamton (hereinafter the City) in Broome County. He became a member of the New York State Policemen's and Firemen's Retirement System in February 1955. In December 1969, he suffered a job-related injury which permanently disabled him from performing his firefighting duties. General Municipal Law § 207-a required the City to continue to pay plaintiff his full salary. The City's application in 1978 for accidental disability retirement on plaintiff's behalf pursuant to Retirement and Social Security Law § 363 (b) (2) was denied and thus plaintiff continued to receive his full wages under the authority of General Municipal Law § 207-a.

In 1984, General Municipal Law § 207-a was amended and Retirement and Social Security Law § 363-c was enacted, which added a new "duty disability retirement" benefit to the Retirement and Social Security Law (L 1984, ch 661). In December 1984, the City applied for duty disability retirement on behalf of plaintiff. The application was granted and plaintiff was retired effective October 19, 1985. His duty disability retirement provides him with a pension of one half his final average salary *(see,* Retirement and Social Security Law § 363-c [f]). In addition, plaintiff receives from the City, pursuant to General Municipal Law § 207-a (2), compensation reflecting the difference between his pension and the amount of his

regular salary. The payments from the City will cease once plaintiff reaches the mandatory age of retirement *(see,* General Municipal Law § 207-a [2]).

Plaintiff commenced the instant action seeking, *inter alia,* a judgment declaring that General Municipal Law § 207-a and Retirement and Social Security Law § 363-c (as amended and enacted by L 1984, ch 661) are unconstitutional. Following joinder of issue, both plaintiff and defendants moved for summary judgment. Supreme Court granted defendants' motions, declaring that General Municipal Law § 207-a and Retirement and Social Security Law § 363-c are constitutional. Plaintiff appeals.

We are unpersuaded by plaintiff's contention that General Municipal Law § 207-a and Retirement and Social Security Law § 363-c (as amended and enacted by L 1984, ch 661) violate NY Constitution, article V, § 7. The Nonimpairment Clause of the NY Constitution was adopted in order to prevent the reduction of an individual's retirement benefits after he or she had joined a retirement system operated by the State or one of its civil divisions *(see,* NY Const, art V, § 7; *Birnbaum v New York State Teachers Retirement Sys.,* 5 NY2d 1, 8-9). Plaintiff asserts that prior to the enactment of Retirement and Social Security Law § 363-c he was a member of the retirement plan set forth in Retirement and Social Security Law § 375-i, and thus would have received a pension of 2% of his final average salary for each year of service up to a maximum of 75% of his final average salary. Plaintiff calculates that had he remained employed until age 70 he would have achieved the maximum 75% permitted by Retirement and Social Security Law § 375-i. Since plaintiff is receiving 50% of his final average salary under Retirement and Social Security Law § 363-c, he concludes that his pension rights have been reduced. However, plaintiff's calculation that he would have received the maximum benefits under Retirement and Social Security Law § 375-i is premised upon his expectation of remaining in public employment, an expectation which is not within the scope of protection afforded by the Nonimpairment Clause *(see, Cook v City of Binghamton,* 48 NY2d 323, 332; *Matter of Foley v Nelson,* 128 AD2d 92, 95, *appeal dismissed* 70 NY2d 795). Indeed, plaintiff has remained on the public payroll since 1969 because of the provisions of General Municipal Law § 207-a. That statute, however, was enacted as a matter of public policy and it can be amended without violating the Nonimpairment Clause of the NY Constitution

*(Cook v City of Binghamton, supra,* at 332). At the time plaintiff was retired under Retirement and Social Security Law § 363-c, he could have opted for his benefits under Retirement and Social Security Law § 375-i as they had accrued to that point in time. The Nonimpairment Clause does not, however, mandate that plaintiff be kept on the public payroll until he has accrued the maximum potential benefits.

Plaintiff also argues that Retirement and Social Security Law § 363-c should not apply to members whose injuries occurred prior to January 1, 1985. We cannot agree. Plaintiff's argument on this point is premised primarily upon the language of Retirement and Social Security Law § 363-c (a), which provides as follows: "After January first, nineteen hundred eighty-five, a member who becomes physically or mentally incapacitated for the performance of duty shall be covered by the provisions of this section in lieu of the provisions of section three hundred sixty-three of this article; except, however, any such member who last entered or reentered service prior to that date shall be entitled to apply for disability retirement pursuant to such section and to receive the benefit so payable in lieu of the benefit payable pursuant to this section." The January 1, 1985 date in this provision merely marks the cutoff point whereupon the new disability benefit would be the only in-service disability benefit available to members who first enter service on or after that date. However, with respect to members who entered or reentered service prior to that date, this provision merely provides that they have the *option* of applying for accidental disability benefits "in lieu of" a duty disability retirement. The fact that the statute makes duty disability retirement an option to members who entered the system prior to January 1, 1985 reflects that the statute was intended to be applicable to injuries sustained before that date or the statute's effective date of August 1, 1984 (L 1984, ch 661, § 6). Further, in a subdivision of the statute which addresses the application process, it is expressly provided that "the provisions of this subdivision shall apply to all occurrences *before* or after the effective date of this section" (Retirement and Social Security Law § 363-c [e] [c] [emphasis supplied]; *see, Matter of Foley v Nelson, supra,* at 94). Thus, the express language of the statute rebuts the general presumption that statutes are to be construed prospectively *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 490).

Finally, plaintiff's contention that the distinction between

persons under and over the age of 60 made by Retirement and Social Security Law § 363-c (b) (former [1]) violates equal protection has been rendered moot by an amendment eliminating that requirement *(see,* L 1987, ch 690, § 3).

KANE, J. P., YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.