◼ In the Matter of JAMES K. RIGGINS, as Chief of Police of the City of Kingston, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.— Mahoney, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered October 6, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller denying petitioner's request for performance of duty disability retirement benefits for respondent Ronald K. Natoli.

In 1971, respondent Ronald K. Natoli (hereinafter respondent), a patrolman for the City of Kingston Police Department, was injured when the police car he was driving was struck by another vehicle which did not yield to his siren and flashing lights. In 1974, respondent sought accidental disability retirement benefits *(see,* Retirement and Social Security Law § 363) based on the injuries suffered in the 1971 accident. His application was denied on the ground that the notice requirements of Retirement and Social Security Law § 363 (c) (a) were not satisfied.

In 1984, performance of duty disability retirement benefits were created by the Legislature (L 1984, ch 661) and were made available to those who suffered injuries prior to January 1, 1985 *(see, Lake v Regan,* 135 AD2d 312, 315, *appeal dismissed* 72 NY2d 840, *lv denied* 72 NY2d 807). Although eligibility for these benefits is conditioned upon providing written notice within 90 days of the occurrence (Retirement and Social Security Law § 363-c [e]), this requirement can be "excused for good cause shown as provided by rules and regulations promulgated by the comptroller" (Retirement and Social Security Law § 363-c [e] [b] [3]).

In 1987, petitioner's predecessor filed an application for duty disability retirement on respondent's behalf based on the 1971 accident. Because no regulations pursuant to Retirement and Social Security Law § 363-c (e) (b) (3) had been promulgated, respondent Comptroller applied the criteria specified in 2 NYCRR part 331, promulgated pursuant to section 363 (c)

(b) (3) for accidental disability retirement benefits, in excusing the notice requirement and made an initial determination granting the application. Respondent administratively challenged this determination and a hearing was held. The Hearing Officer determined that the Comptroller improperly relied on regulations promulgated pursuant to a different retirement benefit and statutory scheme in excusing the notice requirement and approving the application. The Comptroller then reversed himself, adopted this determination and disapproved the application nunc pro tunc. This CPLR article 78 proceeding was commenced to challenge the Comptroller's disapproval. Supreme Court dismissed the petition, essentially agreeing with the Hearing Officer's analysis. Petitioner appeals.

Petitioner contends that Supreme Court erred in failing to uphold the Comptroller's initial determination approving the application for duty disability retirement and excusing the notice requirement by using the criteria established pursuant to Retirement and Social Security Law § 363 (c) (b) (3) for accidental disability retirement benefits. Petitioner argues that this interpretation is a rational exercise of the Comptroller's authority to enforce the Retirement and Social Security Law. Petitioner's position, however, overlooks that the Comptroller reversed himself and rejected this view following the hearing and decision by the Hearing Officer. We cannot say that the Comptroller's final determination is irrational or arbitrary and capricious. 2 NYCRR part 331 was adopted with specific references to section 363 regarding accidental disability retirement benefits so that it is rational to limit the definition of good cause provided therein to applications for accidental disability retirement under section 363. Moreover, the retirement schemes under sections 363 and 363-c involve differences in eligibility, rates of benefits and other matters, so that it would be logical for the Comptroller to treat good cause to excuse the notice requirement differently under the two schemes. Considering the Comptroller's broad discretion to interpret various statutory retirement schemes (see, e.g., Matter of Cassidy v Regan, 160 AD2d 1210), we cannot say that the challenged determination is irrational or arbitrary and capricious. Accordingly, the judgment dismissing the petition must be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.