■ In the Matter of Lucy Prudente, Petitioner, v H. Carl McCall, as State Comptroller of the State of New York, Respondent. [630 NYS2d 423] —Per Curiam. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Based upon the record, we cannot say that respondent erred in denying petitioner's application for ordinary disability retirement benefits. The record shows differing medical opinions as to whether petitioner was permanently incapacitated from performing her duties as an administrative assistant. Petitioner reported that she injured her shoulder, neck

and lower back as she was lifting and moving a box of files. Petitioner's physicians opined that she was unable to continue to work because of her physical condition and that her incapacity was permanent. The physician for the State and Local Employees' Retirement System testified to the contrary. It was for respondent to evaluate the conflicting medical testimony and it was within his authority to accord greater weight to the testimony of one physician over another (*see, Matter of Torres v New York State Comptroller*, 192 AD2d 861; *Matter of Graham v Regan*, 187 AD2d 866). Accordingly, respondent could properly credit the testimony of the Retirement System's physician that there was no objective evidence of a disabling condition and that petitioner was capable of performing her duties. Because we find substantial evidence in the record to support respondent's determination, it must be upheld (*see, Matter of Rovegno v Regan*, 103 AD2d 877).

As to petitioner's constitutional challenge, we are of the view that Retirement and Social Security Law § 62 contains "sufficient standards to afford a reasonable degree of certainty so that a person of ordinary intelligence is not forced to guess at its meaning * * * and to safeguard against arbitrary enforcement" so as to withstand a challenge premised on vagueness (*Salvatore v City of Schenectady*, 139 AD2d 87, 89 [citation omitted]; *see, Matter of Hauptman v New York State Dept. of Motor Vehicles*, 158 AD2d 600, *appeal dismissed* 75 NY2d 1004, *lv denied* 76 NY2d 706). In reaching this conclusion, we note that statutes carry a strong presumption of constitutionality and that the burden of overcoming this presumption is on the one challenging the statute (*see, Matter of Foley v Nelson*, 128 AD2d 92, *appeal dismissed* 70 NY2d 795). Petitioner has failed to submit evidence indicating that the statute is vague, overbroad or that it constitutes an invalid delegation of legislative power. She has, therefore, failed to meet her heavy burden of proving the statute unconstitutional (*see, supra; Brown v New York State Teachers' Retirement Sys.*, 107 AD2d 103, *lv denied* 66 NY2d 601). Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Cardona, P. J., Mikoll, Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.