[659 NYS2d 933]

In the Matter of NEW YORK CITIZENS UTILITY BOARD, INC., Appellant, v GEORGE PATAKI, as Governor of the State of New York, et al., Respondents.

Third Department, July 10, 1997

APPEARANCES OF COUNSEL

*Michael D. Diederich, Jr.,* Stony Point, for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for respondents.

### OPINION OF THE COURT

SPAIN, J.

In January 1991 then-Governor Mario Cuomo issued Executive Order No. 141 (9 NYCRR 4.141) granting petitioner, a State-wide not-for-profit organization established to represent residential utility customers, the right to include promotional inserts in State agency mailings for a period of three years. Thereafter, a proceeding was commenced in Supreme Court challenging the constitutionality of Executive Order No. 141 as a violation of the doctrine of separation of powers; however, in June 1995 the Court of Appeals ruled that Executive Order No. 141 was constitutional *(see, Bourquin v Cuomo,* 85 NY2d 781). During the pendency of the intervening constitutional challenge, petitioner was able to utilize its access by including its promotional enclosures in two agency mailings of respondents Department of Motor Vehicles (hereinafter DMV) and Department of Taxation and Finance (hereinafter DTF).

In January 1995, after the election of respondent George Pataki as Governor, all mailings were suspended and were not resumed despite the Court of Appeals ruling in *Bourquin v Cuomo (supra).* In October 1995 petitioner commenced this proceeding to compel DMV and DTF to comply with Executive Order No. 141. The following day Governor Pataki issued Executive Order No. 19 (9 NYCRR 5.19), which expressly revoked Executive Order No. 141 and discontinued petitioner's access to State agency mailings. Respondents then moved to dismiss petitioner's CPLR article 78 proceeding as moot and Supreme Court granted the motion. Petitioner now appeals.

We affirm. Executive Order No. 19 (9 NYCRR 5.19), by its own terms, "revoked and superseded" Executive Order No. 141 (9 NYCRR 4.141), explicitly discontinuing petitioner's access to State mailings. By its nature, " '[a]n Executive Order is ambulatory, and is alterable or revocable at the pleasure of the Governor' " *(Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe,* 50 NY2d 14, 19, quoting *Matter of Dondi v Jones,* 40 NY2d 8, 29 [Breitel, Ch. J., dissenting]; *see, People v Hochberg,* 87 Misc 2d 1024, 1027). Notably, revocation of executive orders is an extremely common occurrence *(see, e.g.,* 9 NYCRR 1.33 [Governor Rockefeller's Executive Order No. 33, which revoked his prior Executive Orders Nos. 18 and

29 (9 NYCRR 1.18, 1.29), and was later itself revoked and superseded by Executive Order No. 46 (9 NYCRR 1.46), which was subsequently revoked by Governor Carey's Executive Order No. 9 (9 NYCRR 3.9)]; and 9 NYCRR 3.8 [Governor Carey's Executive Order No. 8, which revoked Governor Wilson's Executive Order No. 11 (9 NYCRR 2.11), and which was later itself revoked by Governor Cuomo's Executive Order No. 5 (9 NYCRR 4.5)]).

Here, Governor Pataki was well within his authority to revoke an executive order made by his predecessor if he felt it was not in keeping with current legislative policy (*see generally*, NY Const, art IV, § 3); significantly, this is an area where the Governor is accorded great flexibility (*see, Bourquin v Cuomo, supra*, at 785; *Clark v Cuomo*, 66 NY2d 185, 189; *Matter of Broidrick v Lindsay*, 39 NY2d 641, 646). In our view Executive Order No. 19 effectively revoked all access to State agency mailings by petitioner and renders this proceeding moot, there being no basis for applying any of the exceptions to the doctrine of mootness (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *Matter of Schulz v Lake George Park Commn.*, 180 AD2d 852; *Lake v Regan*, 135 AD2d 312, 316, *appeal dismissed* 72 NY2d 840, *lv denied* 72 NY2d 807).

Further, we reject petitioner's contentions that Executive Order No. 141 created a franchise, a contract or a temporary easement with "vested rights". Executive orders are simply voluntary arrangements or directions to implement a current interpretation of legislative policy (*see, Clark v Cuomo, supra*, at 191), subject to revocation at the sole discretion of the Governor (*see, Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe*, 50 NY2d 14, 19, *supra*; *People v Hochberg, supra*, at 1027). Petitioner's reliance on *Colonial Motor Coach Corp. v City of Oswego* (126 Misc 829, *affd* 217 App Div 816) is misplaced. There, the court determined that a statute (or ordinance) can create a franchise or contract which, when acted upon, becomes irrevocable (*see, supra*, at 830-831). Here, however, an executive order was issued rather than the enactment of a statute or ordinance; in our view this distinction is fatal to petitioner's claims. As a result of Executive Order No. 19, the State agencies in question were no longer required to include petitioner's inserts in their mailings and this Court has no authority to compel them to comply with a regulation which has been revoked and superseded (*see, Matter*

*of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe, supra,* at 19). `

MERCURE, J. P., CASEY, PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.