■ CITIZENS UTILITY BOARD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 94811.) [700 NYS2d 297] —Yesawich Jr., J. Appeal from an order of the Court of Claims (McNamara, J.), entered September 18, 1998, which, *inter alia*, granted the State's motion for summary judgment dismissing the claim.

In January 1991, then-Governor Mario Cuomo issued Executive Order No. 141 (9 NYCRR 4.141) which enabled claimant to represent the interests of residential utility customers, to use State agency mass mailings to apprise citizens of claimant's existence and to solicit citizen participation and contributions. After Executive Order No. 141 survived a challenge to its constitutionality (*see, Bourquin v Cuomo*, 85 NY2d 781), claimant's printed material was included in various mailings by the Department of Motor Vehicles (hereinafter DMV) and Department of Taxation and Finance (hereinafter DTF).

The suspension of this practice in 1995 prompted claimant to commence a CPLR article 78 proceeding to compel DMV and DTF to continue including its literature with their mailings,

but Supreme Court dismissed claimant's petition and this Court affirmed (*see, Matter of New York Citizens Util. Bd. v Pataki*, 231 AD2d 185, *lv denied* 90 NY2d 811). When, on October 25, 1995, Governor Pataki issued Executive Order No. 19 (9 NYCRR 5.19) revoking Executive Order No. 141, claimant filed the instant claim charging, *inter alia*, that its substantive due process rights had been violated because the State failed to distribute claimant's informational material during the period from at least January 1995 until October 25, 1995, when the superseding order was issued. The Court of Claims granted the State's motion for summary judgment and dismissed the complaint. Claimant's appeal followed.

The gravamen of claimant's appeal is a contention that in the time frame that Executive Order No. 141 was still in effect but not utilized (January 1995 through October 1995), claimant had acquired a vested right to access other State agencies' mailings and that the State's refusal to allow it to do so effected an abrogation of this benefit and a taking thereof without due process or just compensation, giving rise to a cause of action for damages. The core premise underlying claimant's position—that an Executive order is tantamount in force to that of a statute and consequently once issued must be enforced—ignores settled law that Executive orders are merely voluntary arrangements or directions for implementing legislative enactments (*see, Clark v Cuomo*, 66 NY2d 185, 191; *Rapp v Carey*, 44 NY2d 157, 163). Furthermore, promulgation of an Executive order does not, as claimant contends, give rise to a vested right (*see, Matter of New York Citizens Util. Bd. v Pataki*, *supra*, at 187). Given the foregoing, we are compelled to conclude that claimant's position lacks merit and hence that the Court of Claims properly dismissed the complaint.

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the order is affirmed, without costs.