■ In the Matter of CARPENTER TECHNOLOGY CORPORATION, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [745 NYS2d 86] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal, which sustained a corporation franchise tax assessment imposed under Tax Law article 9-A.

Petitioner is a Delaware corporation engaged in the manufac-

ture and distribution of specialty steel products in New York. During the 1980s, petitioner decided to expand its business into foreign countries. For reasons that need not be detailed here, petitioner concluded that each of the foreign businesses should be organized under the laws of the country where it was to be located and, further, that those businesses should not be directly owned by petitioner but should be held by viable corporate subsidiaries created for that purpose.

Consistent with that plan, in October 1989, petitioner formed Carpenter Investments, Inc. (hereinafter CII), a wholly owned viable subsidiary corporation. Petitioner funded CII with an initial capital contribution of $300 million, which CII then loaned back to petitioner in exchange for petitioner's $300 million revolving promissory note, providing for petitioner's payment of interest to CII at an arm's length rate. Petitioner paid interest on the note to CII in the amount of $16,258,583 for its 1990 taxable year and $40,167,993 for its 1991 taxable year. CII in turn paid petitioner a $4,000,000 dividend during petitioner's 1991 taxable year, which was partially based on the interest paid to CII.

For the 1990 and 1991 tax years, petitioner timely filed corporation franchise tax returns and paid the tax as reflected thereon. For federal tax purposes, petitioner filed on a consolidated basis with its affiliates and deducted its interest payments to CII as an expense in computing its separate company federal taxable income. Thereafter, petitioner used the federal taxable income to compute its state tax base.

Based on an audit conducted September 18, 1995, the Department of Taxation and Finance issued a notice of deficiency against petitioner for the 1990 and 1991 tax years based on its determination that petitioner was not entitled to deduct its interest payments to CII, which constituted "interest * * * directly or indirectly attributable as a carrying charge or otherwise to subsidiary capital or to income, gains or losses from subsidiary capital" (Tax Law § 208 [9] [b] [6]). Following several levels of administrative review and adjustments that the parties do not dispute, respondent Tax Appeals Tribunal (hereinafter the Tribunal) sustained the notice of deficiency upon the ground that petitioner's interest payments to CII were attributable to subsidiary capital and, therefore, nondeductible. Petitioner now challenges the Tribunal's determination in this CPLR article 78 proceeding, primarily contending that the interest payments made to CII were directly attributable to business capital because it incurred those payments in furtherance of its legitimate business

interests and also that the interest payments were not in any event attributable to subsidiary capital as the term is defined under Tax Law § 208 (4), because they were not made on behalf of CII and did not increase petitioner's investment in CII.

We begin by noting the presumption of correctness that attaches to a deficiency notice and the burden on a petitioner to prove by clear and convincing evidence that the deficiency was erroneous (*see, Matter of Suburban Carting Corp. v Tax Appeals Trib. of State of N.Y.*, 263 AD2d 793, 793-794). When, as in this case, the controversy turns on the interpretation of the applicable statutory provisions, the petitioner must establish " 'that its interpretation of the statute is * * * the only reasonable construction' " (*Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49, quoting *Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173), and the Tribunal's interpretation is entitled to deference and should not be disturbed unless it is unreasonable and without a factual or legal basis (*see, Matter of Clinton Hill Equities Group v Tax Appeals Trib. of State of N.Y.*, 240 AD2d 992, 993, *lv denied* 90 NY2d 808).

Generally, a corporation is required to pay a franchise tax based on its "entire net income" (Tax Law § 209 [1]), defined in Tax Law § 208 (9) to mean "total net income from all sources, which shall be presumably the same as the entire taxable income." The Tax Law further provides that "[e]ntire net income shall not include * * * income, gains and losses from subsidiary capital" (Tax Law § 208 [9] [a] [1]), which means "investments in the stock of subsidiaries and any indebtedness from subsidiaries" (Tax Law § 208 [4]; *see,* 20 NYCRR 3-6.3). Finally, the entire net income shall be determined without deducting "any amount of interest * * * *directly* or *indirectly* attributable as a carrying charge or otherwise to subsidiary capital or to income, gains or losses from subsidiary capital" and lies in the discretion of respondent Commissioner of Taxation and Finance (hereinafter the Commissioner; Tax Law § 208 [9] [b] [6] [emphasis supplied]; *see,* Tax Law § 2 [1]). As this Court stated in *Matter of Woolworth Co. v State Tax Commn.* (126 AD2d 876, *affd* 71 NY2d 907), the purpose of Tax Law § 208 (9) (b) (6) is to: "prevent a parent corporation from obtaining a double tax benefit by taking a deduction for interest payments on loans incurred for directly or indirectly financing investments in subsidiaries while at the same time the parent's income derived from such investments is tax free" (*id.* at 877).

In this case, we perceive no valid basis for disturbing the

Tribunal's finding that the interest payments incurred by petitioner were directly attributable to subsidiary capital and, therefore, not deductible in determining entire net income. Even recognizing that petitioner formed and capitalized CII for the legitimate business purpose of insulating itself from foreign liabilities, petitioner has nonetheless failed to demonstrate how CII's subsequent loan back to petitioner and petitioner's payment of interest on such "loan" furthered this business objective. To the contrary, the Tribunal's conclusion that the loan transaction was primarily motivated by petitioner's belief that it could receive a double tax benefit, the very evil that Tax Law § 208 (9) (b) (6) was enacted to prevent (*see, Matter of Woolworth Co. v State Tax Commn.*, *supra* at 877), is reasonable and should not be disturbed on review (*see, Matter of Avon Prods. v State Tax Commn.*, 90 AD2d 393, 395; *see also, Matter of Clinton Hills Equities Group v Tax Appeals Trib. of State of N.Y.*, *supra* at 993). In addition, we have previously held that the demonstration of "a separate, bona fide business purpose" for the loan transaction "is *not alone* sufficient to defeat disallowance of the interest deduction" (*Matter of Woolworth Co. v State Tax Commn.*, *supra* at 878 [emphasis supplied]). As noted by the ALJ, while petitioner may have had a legitimate business purpose for the formation and capitalization of CII, "that fact alone cannot serve to negate the * * * determination that the interest payments were expenses attributable to subsidiary capital."

Also unavailing is petitioner's claim that *Woolworth* is inapplicable to the case at bar because it involved indirect, rather than direct attribution. Notably, the definition of "subsidiary capital" as provided in Tax Law § 208 (4) demonstrates that the statute makes no distinction between expenses that are directly or indirectly attributable with respect to deductibility. Entire net income is assessed, in the discretion of the Commissioner, without deducting "any amount of interest * * * directly or indirectly attributable as a carrying charge or otherwise to subsidiary capital or to income, gains or losses from subsidiary capital" (Tax Law § 208 [9] [b] [6]). Here, the statutory purpose as articulated in *Matter of Woolworth Co. v State Tax Commn. (supra)*—the prevention of double tax benefits—is satisfied whether the interest payments were directly or indirectly attributable to subsidiary capital (*see, id.* at 877).

Finally, petitioner's remaining contentions that Tax Law § 208 (9) (b) (6), as applied in this case, is void for vagueness and results in an unconstitutional delegation of legislative

authority, are without merit. Statutes carry a presumption of constitutionality, imposing a heavy burden on a party trying to overcome it (*see, Matter of Prudente v McCall*, 218 AD2d 896, 897). A statute will withstand an attack for vagueness "so long as it provides 'persons of ordinary intellect reasonable notice of the proscribed conduct' " (*Matter of Flow v Mark IV Constr. Co.*, 288 AD2d 779, 780, quoting *Matter of Addei v State Bd. for Professional Med. Conduct*, 278 AD2d 551, 552; *see, Matter of Prudente v McCall, supra* at 897). Moreover, while the Legislature cannot delegate its lawmaking functions to other bodies, there is no constitutional prohibition against the delegation of power to an agency or commission to administer the laws promulgated by the Legislature, provided that power is circumscribed by reasonable safeguards and standards (*see, Matter of Levine v Whalen*, 39 NY2d 510, 515; *Dorst v Pataki*, 228 AD2d 4, 6, *affd* 90 NY2d 696).

Here, while the Commissioner's discretion is broad, it is limited by the statutory provision that the interest must be directly or indirectly attributable to subsidiary capital (*see*, Tax Law § 208 [9] [b] [6]). Because petitioner's interest was attributable to subsidiary capital, the application of the statute in this case fell within the parameters prescribed by the Legislature. In addition, petitioner has not offered any evidence that the statute fails to provide reasonable notice of the proscribed conduct so as to render it unconstitutional (*see, Matter of Prudente v McCall, supra* at 897).

Petitioner's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.