■ In the Matter of KENNETH W. JENKINS, Individually, as Westchester County Resident and Taxpayer, and as Chairman and Member of the Westchester County Board of Legislators, et al., Appellants, v ROBERT P. ASTORINO, Individually and as Westchester County Executive and Member of the Westchester County Board of Acquisition & Contract, et al., Respondents. [995 NYS2d 150]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Westchester County Executive and the Westchester County Commissioner of Social Services to comply with Act No. 191-2011 of the Westchester County Board of Legislators and so much of the 2012 budget of the County of Westchester as set the family share percentage for a childcare program for low-income families at 20%, and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Neary, J.), dated August 20, 2012, which granted that branch of the motion of the respondents/defendants Robert Astorino and Kevin McGuire which was pursuant to CPLR 3211 (a) (1) and 7804 (f) to dismiss the petition/complaint insofar as asserted against them, granted the separate motion of the respondent/defendant Gladys Carrión, in effect, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint insofar as asserted against her, and thereupon dismissed the petition/complaint.

Ordered that the appeal is dismissed, without costs or disbursements.

We dismiss, as academic, the appeal from so much of the order and judgment as granted that branch of the motion of the respondents/defendants Robert Astorino, in his individual capacity and as Westchester County Executive and Member of the Westchester County Board of Acquisition & Contract, and Kevin McGuire, in his individual capacity and as the Commissioner of the Department of Social Services, which was pursuant to CPLR 3211 (a) (1) and 7804 (f) to dismiss the petition/complaint insofar as asserted against them, and thereupon dismissed the proceeding/action insofar as asserted against them. We dismiss, as abandoned, the appeal from so much of the order and judgment as granted the motion of the respondent/defendant Gladys Carrión, as Commissioner of the New York State Office of Children and Family Services, in effect, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint insofar as asserted against her, and thereupon dismissed the proceeding/action insofar as asserted against her.

The petitioners/plaintiffs (hereinafter collectively the plaintiffs), as members of the Westchester County Board of Legislators (hereinafter the Board), commenced this hybrid proceeding and action to compel Astorino and McGuire (hereinafter together the County officers) to comply with so much of the 2012 budget for the County of Westchester as set the family

share percentage for a childcare program for low-income families at 20% and with Act No. 191-2011 of the Board insofar as applicable to the family share provision in the 2012 budget. In an order and judgment dated August 20, 2012, the Supreme Court granted that branch of the County officers' motion which was pursuant to CPLR 3211 (a) (1) and 7804 (f) to dismiss the petition/complaint insofar as asserted against them. During the pendency of this appeal, the 2012 budget expired, and was superseded by the 2013 budget, which did not contain a provision concerning the family-share percentage.

Generally, courts are precluded "from considering questions which, although once live, have become moot by passage of time or change in circumstances" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]). Here, inasmuch as the 2012 budget expired and was superseded, the issues raised on this appeal have been rendered academic (*see Matter of New York Citizens Util. Bd. v Pataki*, 231 AD2d 185, 186 [1997]). Contrary to the plaintiffs' contention, this case does not warrant the invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811). Accordingly, we dismiss the plaintiffs' appeal from so much of the order and judgment as granted that branch of the County officers' motion which was pursuant to CPLR 3211 (a) (1) and 7804 (f) to dismiss the petition/complaint insofar as asserted against them, and thereupon dismissed the proceeding/action against them (*see Matter of Richmond County Dist. Attorney v Staten Is. Univ. Hosp.*, 109 AD3d 620 [2013]; *cf. Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811-812 [2008]).

Moreover, the plaintiffs' appeal from so much of the order and judgment as granted the motion of the respondent/defendant Gladys Carrión, in effect, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint insofar as asserted against her, and thereupon dismissed the proceeding/action against her, must be dismissed as abandoned (*see Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 177 [2010]). Skelos, J.P., Leventhal, Maltese and LaSalle, JJ., concur.