Matter of Davis (2020 NY Slip Op 01157)





Matter of Davis


2020 NY Slip Op 01157


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2016-10892

[*1]In the Matter of Martin Davis, also known as Morton Davidson, deceased. Roger Davis, appellant; Teresa Padilla, respondent. (File No. 358812)


Roger Davis, Lawrence, NY, appellant pro se.



DECISION & ORDER
In a probate proceeding, Roger Davis appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated September 6, 2016. The decree judicially settled the final account of the estate of Martin Davis, also known as Morton Davidson.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In September 2009, Martin Davis, also known as Morton Davidson (hereinafter the decedent), died intestate. The decedent was survived by his son, Roger Davis, and his daughter, Teresa Padilla. Thereafter, the Surrogate's Court issued letters of administration to Padilla. On September 27, 2011, Padilla and Davis executed a stipulation of settlement which provided, among other things, that the estate proceeds would be divided equally between them after the payment of expenses. In an order dated March 31, 2014, the court, inter alia, denied that branch of Davis's motion which was to vacate the stipulation, and this Court affirmed the order insofar as appealed from (see Matter of Davis, 133 AD3d 853).
In a decree dated September 6, 2016, the Surrogate's Court granted Padilla's petition to judicially settle the final account. In October 2016, Davis filed a notice of appeal from the decree. Davis also moved in the Surrogate's Court to vacate the decree on both substantive and procedural grounds. In an order dated December 14, 2016, the court granted Davis's motion to vacate the decree, determining that Padilla was not procedurally entitled to a final decree.
The December 14, 2016, order has rendered this appeal from the decree academic (see e.g. Matter of Marchella P. [Loretta B.-B.], 137 AD3d 1286, 1288; Matter of Raven K. [Adam C.], 130 AD3d 622, 623). Contrary to Davis's contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Chang v Maliq M., 154 AD3d 653, 654; Smalls v St. John's Episcopal Hosp., 152 AD3d 629, 630; Matter of Jenkins v Astorino, 121 AD3d 997, 999). Accordingly, the appeal must be dismissed.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court