■ In the Matter of ERNEST V. NIZZICO, Petitioner, v. NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which disapproved petitioner's application for an accidental retirement allowance pursuant to section 363 of the Retirement and Social Security Law. On November 23, 1971, petitioner filed an application for accidental disability retirement benefits with the Comptroller alleging that on March 9, 1952, while in the performance of duty as a patrolman

employed by the Police Department of the City of Yonkers, he received a leg injury which left him crippled and disabled. His application was disapproved by the Comptroller on the ground that he did not meet the statutory requirement of filing a written notice of the accident in the office of the Comptroller within 30 days after the accident. (Retirement and Social Security Law, § 63, subd. c; § 363, subd. c.) It is conceded by petitioner that he "did not file directly with the comptroller a written notice of the accident within thirty days." Subdivision c of section 363 of the Retirement and Social Security Law provides, in part, that "For good cause shown why such notice could not have been so filed, the comptroller, in his discretion, may excuse a failure to file such notice." The Comptroller has held that the record fails to manifest any evidence which would excuse the failure to file, and that determination is supported by substantial evidence. The exercise of discretion by the Comptroller should not be disturbed. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.