■ · In the Matter of ROBERT E. WOOLWORTH, Petitioner, v EDWARD V. REGAN, as State Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement benefits because of failure to give notice as required by section 363 of the Retirement and Social Security Law. Petitioner, a City of Fulton fireman, was injured in the line of duty on May 4, 1977. Some five months later he filed for workers' compensation benefits. Originally the employer controverted the claim because petitioner had not furnished the employer with notice of the accident within 30 days, as mandated by section 18 of the Workers' Compensation Law. Thereafter, however, on November 1, 1977, this self-insured employer withdrew its objection to petitioner's compensation claim, stating that the issue of petitioner's failure to give notice had been resolved. Workers' compensation benefits were thereupon awarded to petitioner. On or about February 6, 1979, petitioner filed an application pursuant to the Retirement and Social Security Law for accidental disability retirement benefits as a result of the injuries sustained in the May 4, 1977 incident. The Comptroller denied that application as untimely and this appeal followed. Subdivision c of section 363 of the Retirement and Social Security Law enjoins an applicant for accidental disability retirement benefits to

---

furnish the Comptroller with notice of the accident within 90 days after the occurrence. An exception to this statutory mandate, and the one involved here, allows the applicant to file notice of the accident "in accordance with the provisions of the workers' compensation law". Petitioner, who concededly failed to provide the Comptroller with timely notice and who did not file an application for accidental disability retirement benefits within one year after the accident, maintains that he complied with the notice provisions of the Workers' Compensation Law. Section 18 of the Workers' Compensation Law directs that notice of injury, in writing, be given to the employer within 30 days of the accident. Petitioner's suggestion that an entry in the employer's daily log book indicating that an accident had occurred on May 4, 1977 constituted adequate notice under section 18 is unacceptable because the Retirement and Social Security Law exacts explicit compliance with the provisions of the Workers' Compensation Law. In this instance, there was simply no notification of "an injury * * * for which compensation is payable" until October 5, 1977, when the claim for compensation was filed. That the Workers' Compensation Board, for workers' compensation purposes, decided to excuse petitioner's failure to comply with section 18 because the employer chose to waive its right to controvert the claim is not binding on the Comptroller for accidental disability purposes (*Matter of Croshier v Levitt*, 5 NY2d 259), nor does it alter the fact that timely written notice of the compensation claim actually was not given. Inasmuch as the Comptroller's determination is supported by substantial evidence, it must be confirmed (*Matter of Sheehan v Regan*, 84 AD2d 604). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.