■ In the Matter of EDMOND SCULLY, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. On December 18, 1974, petitioner, a court clerk employed by the County of Nassau,[1] fell and injured his lower back while carrying a crate of law books to the chambers of the Supreme Court Justice to whom he was assigned. The Comptroller's initial determination denied petitioner's application for accidental disability retirement benefits on the grounds that the incident did not constitute an accident and that claimant did not file notice

---

1. This position was reclassified as Senior Court Clerk and transferred to the State Office of Court Administration in 1977.

of the accident as required by subdivision c of section 63 of the Retirement and Social Security Law. After a hearing to review the initial determination, the hearing officer found that the incident did constitute an accident but that proper notice thereof was not given. The Comptroller's final determination also concluded that the fall was an accident but denied the application on the ground that timely notice of the accident was not filed. This transferred CPLR article 78 proceeding ensued. Since petitioner cannot contend that he gave written notice of the accident to the Comptroller's office within 30 days after the event as required by subdivision c of section 63 of the Retirement and Social Security Law,[2] and, further, proffered no explanation for such failure that could be equated with "good cause" so as to invoke the discretionary authority of the Comptroller to excuse the lack of notice (id.), the sole issue is whether notice of petitioner's accident was timely filed in accordance with the provisions of the Workers' Compensation Law so as to excuse notice to the Comptroller (id.). Since the only evidence at the hearing was an "Employer's Report of Injury" to the Workers' Compensation Board, dated April 4, 1975, three and one-half months after the date of the accident, it is clear that the 30-day written notice requirement of section 18 of the Workers' Compensation Law was not met. The only other proof that purports to trigger the exemption from the filing requirements set forth in the Retirement and Social Security Law is the notice of decision of the Workers' Compensation Board, dated December 15, 1977, four years after the accident, which stated "[a]ccident, *notice* and causal relation established to the back" (emphasis added). Since it is clear that petitioner did not give written notice to his employer within 30 days of his mishap as required by section 18 of the Workers' Compensation Law, the only authority for the Workers' Compensation Board finding that "notice" had been established is that part of section 18 which provides that notice failure may be excused by the board on the grounds (1) that notice could not be given, (2) that the employer or his agents had knowledge of the accident, or (3) that the employer has not been prejudiced. Further, the employer or insurance carrier shall be deemed to have waived notice unless the failure or sufficiency of the notice is raised at the first hearing. However, whichever of the above-enumerated provisions may have caused the board to excuse the failure to file, they are all irrelevant to this proceeding. When section 63 of the Retirement and Social Security Law is read in conjunction with section 18 of the Workers' Compensation Law, it is clear that written notice of the accident need not be given to the Comptroller only in those instances where it has been excused by the Comptroller for good cause shown, a situation not present here, or where notice has been "filed in accordance with the provisions of the workmen's compensation law" (Retirement and Social Security Law, § 63, subd c, par [b], cl 1). Notice which has been "excused" by the Workers' Compensation Board or "waived" by the employer is not notice which has been "filed". It, therefore, does not meet the statutory criteria for dispensing with written notice to the Comptroller (*Matter of Woolworth v Regan,* 91 AD2d 708). Accordingly, since the Comptroller has the exclusive authority to determine all applications for benefits under the Retirement and Social Security Law, there is substantial evidence in the record to support the determination denying petitioner's application. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.

---

**2.** Subdivision c of section 63 of the Retirement and Social Security Law has been amended since the incident involved in this proceeding, with the amendments only being applicable to accidents occurring on or after their effective dates (L 1980, ch 462, § 1; L 1976, ch 324, § 1; L 1975, ch 619, § 1).