■ In the Matter of SHIRLEY HEATH, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. It appears from the record that petitioner, a Supreme Court Reporter, fractured her right arm on March 17, 1976 in the course of her employment by the State of New York. On that date, she orally advised Supreme Court Justice O'Donnell of the incident and on August 31, 1976 Justice O'Donnell filed an employer's report of injury with the Workers' Compensation Board. Although petitioner returned to work on June 7, 1976, she failed to file any form with the Workers' Compensation Board. In a notice of decision of the Workers' Compensation Board dated June 15, 1977, it was stated that accident, notice and causal relationship were established and petitioner received an award of benefits. Petitioner filed an application for accidental disability retirement benefits in March, 1981 which was denied by the Comptroller on the ground that timely notice of the incident that occurred on March 17, 1976 was not filed. This proceeding then ensued. Initially, we would note that contrary to petitioner's assertion the Comptroller's determination that she failed to establish any good cause why written notice could not have been timely filed is supported by substantial evidence and, thus, should not be disturbed (*Matter of Nizzico v New York State Policemen's & Firemen's Retirement System*, 46 AD2d 717). At the time of petitioner's accident, subdivision c of section 63 of the Retirement and Social Security Law required that written notice of the accident be filed in the office of the Comptroller within 90 days after the accident unless the application for accidental disability retirement is filed within one year after the date of the accident or notice of such accident is filed in accordance with the provisions of the Workers' Compensation Law. It is conceded by petitioner that she did not give written notice to her employer as required by section 18 of the Workers' Compensation Law. Petitioner urges that since timely notice was excused by the Workers' Com-

pensation Board in her compensation claim, she complied with the Workers' Compensation Law, and therefore, no written notice to the Comptroller was necessary. This court, however, has recently concluded that excusal of timely notice by the Workers' Compensation Board does not meet the statutory criteria for dispensing with written notice to the Comptroller (*Matter of Scully v New York State Employees' Retirement System,* 91 AD2d 1139; *Matter of Woolworth v Regan,* 91 AD2d 708). Accordingly, we are of the view that the Comptroller's determination is supported by substantial evidence in the record and must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.