■ In the Matter of PATRICK H. MARTIN, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. On February 12, 1979, while in the performance of his duty as a police officer employed by the Village of Massena, petitioner slipped getting out of his patrol car and injured his left foot. He was treated periodically by an orthopedist and was hospitalized twice over the ensuing 15-month period. Petitioner filed for workers' compensation benefits on September 30, 1979, and was awarded benefits by notice of decision dated April 2, 1980. In May, 1980, petitioner's foot, which had failed to heal properly, had to be amputated. On August 3, 1980, petitioner filed an application for accidental retirement benefits with respondent. This application was disapproved by the Comptroller on the

ground that petitioner did not meet the statutory requirement of filing a written notice of the accident in the office of the Comptroller within 30 days after the accident as required by then subdivision c of section 363 of the Retirement and Social Security Law (amd by L 1980, ch 462, § 2).* Petitioner raises two arguments in this proceeding: (1) that his untimely filing of notice with respondent should have been excused because, at the time of his accident, it was not foreseeable, either by petitioner or by his physician, that the injury would be serious and ultimately require amputation, and (2) that the oral notice given to his supervisors in the police department at the time of the accident was implicitly found by the Workers' Compensation Board to have satisfied the notice requirement of section 18 of the Workers' Compensation Law and so there was no need to meet the requirement of giving notice to respondent pursuant to subdivision c of section 363 of the Retirement and Social Security Law. We cannot agree with either of these contentions. At the time of petitioner's accident, section 363 of the Retirement and Social Security Law required that written notice of the accident be filed in the office of the Comptroller within 30 days after the accident. However: "For good cause shown why such notice could not have been so filed, the comptroller, in his discretion, may excuse a failure to so file such a notice" (Retirement and Social Security Law, § 363, subd c). The Comptroller held here that petitioner's failure to anticipate the seriousness of his injury did not constitute sufficiently good cause to excuse his failure to file timely notice of the accident, particularly since the delay amounted to almost a year and a half. The record showed that the gravity of petitioner's injury had become apparent upon his hospitalization in July of 1979. Despite this information, petitioner delayed filing his application for another year. Under these circumstances, we find that the exercise of discretion by the Comptroller is supported by substantial evidence and should not be disturbed (see *Matter of Nizzico v New York State Policemen's & Firemen's Retirement System*, 46 AD2d 717, 718). Subdivision c of section 363 of the Retirement and Social Security Law also excused the filing of notice with the Comptroller: "If notice of such accident shall be filed in accordance with the provisions of the workmen's compensation law". Petitioner urges that since timely notice was apparently excused by the Workers' Compensation Board in his claim for benefits, he satisfied the notice requirements of the compensation law with the result that timely notice to respondent was unnecessary. However, we have held that a waiver of the timely notice requirement by the Workers' Compensation Board does not satisfy the requirement of dispensing with written notice to the Comptroller (*Matter of Heath v Regan*, 95 AD2d 896, 897; *Matter of Woolworth v Regan*, 91 AD2d 708, 709, mot for lv to app den 58 NY2d 608). Accordingly, we conclude that the Comptroller's determination is supported by substantial evidence in the record and must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ. concur.

---

* The present 90-day time limitation set forth in section 363, as amended, applies to accidents occurring after September 1, 1980 (L 1980, ch 462, § 2).