■ In the Matter of JOHN J. TAYLOR, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. — Proceeding pursuant to CPLR 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. ¶ Petitioner, a police officer of uncommon valor, was involved in two line-of-duty occurrences which have since not only caused him serious psychological trauma manifested by repeated nightmares, but have rendered him incapable of working. In the first incident, on April 4, 1971, petitioner, from a distance of about 20 feet, shot an armed man who earlier that same day had slain his common-law wife and a police officer. The second incident occurred on October 14, 1979, when at point blank range petitioner shot and killed an escaped convict who was holding a gun to the head of a hostage. Petitioner experienced nightmares from the time of the first incident; they became so intense after the second incident that he filed for disability benefits on February 16, 1982, which were denied. The Comptroller's reasons for rejecting petitioner's application were that the incidents did not constitute accidents within the meaning of section 363 of the Retirement and Social Security Law and that petitioner had failed to timely file notice of the accident as required by subdivision c of that section. ¶ We are obliged to confirm the Comptroller's determination. Inasmuch as the incidents alleged arose in the regular course of duty, are within petitioner's training, and are reasonably expected and foreseeable duties required of a police officer, the Comptroller's decision that they were not accidents is fully defensible (*Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). Nor can we fault the Comptroller's finding that petitioner did not comply with the statute's notice requirements. It is not at all evident from this record that petitioner filed a notice of accident in accordance with section 18 of the Workers' Compensation Law or, as his brief intimates, that the Workers' Compensation Board excused the notice required pursuant to section 18 and hence satisfaction of subdivision c of section 363 of the Retirement and Social Security Law was effected, rendering petitioner in compliance with the notice provisions of said law. The latter argument has heretofore been considered and rejected by this court (*Matter of Woolworth v Regan,* 91 AD2d 708, mot for lv to app den 58 NY2d 608). As for the contention that compliance was had with section 363 because petitioner demonstrated "good cause" for the Comptroller to excuse petitioner's failure to file timely notice, we note that petitioner made no request of the Comptroller to exercise such discretion. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.