■ In the Matter of RAYMOND C. SMITH, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent.—Levine, J.

Petitioner, a machine operator employed by the Village of Pelham in Westchester County, sustained injuries while at work in December 1970 and again on May 18, 1978. His subsequent application for accidental disability retirement benefits was initially denied by respondent on the ground that neither incident constituted an accident within the meaning of Retirement and Social Security Law § 63 (a) (2). Petitioner then requested a hearing pursuant to Retirement and Social Security Law § 74 (d), after which respondent modified its initial determination, held that petitioner had sustained accidents on both occasions, and scheduled a further hearing to determine whether petitioner had filed timely notice of the incidents with respondent (see, Retirement and Social Security Law § 63 [c]). Following the hearing, respondent determined that petitioner had not complied with the notice requirements of Retirement and Social Security Law § 63 (c) regarding either the 1970 or the 1978 accident and denied the application for benefits in its entirety. Petitioner then brought the instant proceeding to review that determination.

Retirement and Social Security Law § 63 (c) requires that an applicant for benefits file notice of an accident with the Comptroller within 90 days after its occurrence. This notice need not be given if notice is "filed in accordance with the provisions of the workers' compensation law" (Retirement and Social Security Law § 63 [c] [b] [1]). Additionally, notice need not be given if the failure to file such a notice "has been excused for good cause shown * * * [to] the comptroller" (Retirement and Social Security Law § 63 [c] [b] [3]). The applicable provision of the Workers' Compensation Law is section 18, requiring written notice to the claimant's employer within 30 days of the accident.

It is not disputed here that petitioner did not file with respondent the requisite 90-day notice of either his 1970 or his 1978 accident. Additionally, petitioner did not adduce any proof to establish that good cause existed for this omission with regard to the 1970 accident, or that he had filed notice in accordance with the Workers' Compensation Law after the 1970 accident. However, petitioner contends that respondent's determination that he did not file timely notice of the May 18, 1978 accident in accordance with the Workers' Compensation Law was not supported by substantial evidence. Alternatively, he claims respondent improperly ignored the evidence submitted of good cause for any late filing of that notice.

We are not persuaded by petitioner's claim that respondent's determination of untimely notice of the 1978 accident was not supported by substantial evidence. Written notice to the employer of that accident, under Workers' Compensation Law § 18, would have had to be given by June 17, 1978. The only such written notice in the record was the employer's accident report, dated June 27, 1968. The parties stipulated that the year of that date of the report should be corrected to read 1978. Petitioner further maintained that the date should have read June 17, 1978, but he offered no evidence to support that contention. The only evidence of timely written notice offered by petitioner was the testimony of his foreman that he filled out and signed the report on May 22, 1978, four days after petitioner's accident. However, the report itself contained references to doctors' examination of petitioner on June 9 and 12, 1978, and the foreman also testified that the accident report was complete when he signed it. Accordingly, there was justification for respondent to reject petitioner's evidence of timely written notice and to credit the June 27, 1978 date of the report as the first such notice, some 40 days after the accident. Thus, notice was not given within the 30

days required under the Workers' Compensation Law. Petitioner's reliance to the contrary upon the Workers' Compensation Board's decision on his claim, which stated that notice was established, is unavailing. The proper filing of notice under Retirement and Social Security Law § 63 may be excused only if timely notice of an accident is given in strict accordance with the 30-day provision of Workers' Compensation Law § 18 *(Matter of Heath v Regan,* 95 AD2d 896; *Matter of Scully v New York State Employees' Retirement Sys.,* 91 AD2d 1139, *lv denied* 59 NY2d 601). A statement by the Board to the effect that notice was established is not conclusive on this point since late notice may be excused by the Board or waived by the employer *(see, id.).*

Regarding petitioner's claim that he established good cause for his failure to file timely notice of the 1978 accident with respondent, he sufficiently raised this issue in written communications with respondent prior to the hearing and also submitted a report from a psychiatrist regarding his mental incapacity subsequent to the accident. Nevertheless, respondent failed to address this point in rendering his determination. Accordingly, there must be a remittal solely for a further development of the record and determination of this issue *(see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 491; *Matter of Bethlehem Auto Laundry v Murphy,* 55 Misc 2d 401).

Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.