■ In the Matter of EDWARD C. SPAHN, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 5, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

It is undisputed that petitioner sustained an injury in the course of his employment as a police officer on July 17, 1970, that written notice of the injury was first provided to his employer on September 10, 1970, that a notice of accident was filed with the Workers' Compensation Board on September 11, 1970, and that petitioner filed an application for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 on December 3, 1987. Respondent

denied petitioner's application for accidental disability retirement benefits as untimely, a determination challenged in this CPLR article 78 proceeding. Supreme Court granted judgment dismissing the petition and petitioner appeals.

We affirm. At the time of petitioner's accident, Retirement and Social Security Law § 363 (former [c]) provided that no application for accidental disability retirement benefits shall be approved unless written notice was filed in respondent's office within 30 days after the accident (see, L 1966, ch 1000). The only stated exceptions were (1) that respondent could, in his discretion, excuse a failure to timely file notice "[f]or good cause shown", and (2) in a case where notice of the accident was filed in accordance with the provisions of the Workers' Compensation Law (Retirement and Social Security Law § 363 [former (c)]). Here, the application was filed over 17 years after the accident and, although notice was filed with the Workers' Compensation Board, it was not filed in accordance with the provisions of Workers' Compensation Law § 18, which requires that written notice be given to the employer within 30 days after the accident. This court has repeatedly stated that a decision of the Workers' Compensation Board to excuse a petitioner's failure to comply with the provisions of Workers' Compensation Law § 18 is not binding upon respondent for accidental disability retirement purposes and does not alter the fact that timely notice of the compensation claim was not given (see, Matter of Taylor v Regan, 103 AD2d 884; Matter of Heath v Regan, 95 AD2d 896, 897; Matter of Scully v New York State Employees' Retirement Sys., 91 AD2d 1139, 1140, lv denied 59 NY2d 601; Matter of Woolworth v Regan, 91 AD2d 708, 709, lv denied 58 NY2d 608). Finally, petitioner has failed to show good cause for the 17-year delay in filing the application with respondent.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.