■ In the Matter of RONALD K. NATOLI, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [602 NYS2d 241] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which granted a request by the City of Kingston Police Department for performance of duty disability retirement benefits for petitioner.

On August 26, 1971, petitioner was injured in an automobile accident while performing his duties as a police officer for the City of Kingston Police Department. In 1989, the Department's Chief of Police sought performance of duty disability retirement benefits on petitioner's behalf based on the 1971 accident. Respondent Comptroller granted the application and petitioner commenced this proceeding to challenge that determination.

Petitioner contends that the Comptroller erred in excusing the notice requirement set forth in Retirement and Social Security Law § 363-c (e) (a). We disagree. Under that statute, eligibility for performance of duty disability retirement benefits is conditioned upon providing written notice to the Comptroller within 90 days of the occurrence that is the basis for the disability. This requirement, however, can be "excused for good cause shown" as set forth in the Comptroller's regulations (Retirement and Social Security Law § 363-c [e] [b] [3]). Here, the regulation at issue excuses the failure to file timely notice if "the applicant, within 30 days after the date of occurrence of disability, filed written notice with his employer setting forth the particulars" of the incident (2 NYCRR 344.2 [b]). The notice must be signed by the injured employee.

On August 31, 1971, September 2, 1971 and September 8, 1971 petitioner completed and executed three reports, each of which set forth the necessary particulars of the accident. Although the record does not show when these documents were filed with the Department, the Comptroller found that they had been filed and that the necessary written notice was filed within 30 days after the accident. On the basis of the record before us, we cannot say that the Comptroller's determination was not supported by substantial evidence *(see, Matter of Foresta v New York State Policemen's & Firemen's*

*Retirement Sys.,* 95 AD2d 893; *Matter of Boucher v Regan,* 88 AD2d 1066). To the extent that petitioner appears to be challenging the Comptroller's interpretation of the regulation, we conclude that his construction was reasonable and not irrational, arbitrary or capricious *(see, Matter of Riggins v Regan,* 167 AD2d 802; *Matter of Cassidy v Regan,* 160 AD2d 1210). Petitioner's remaining arguments have been reviewed and rejected as without merit.

Yesawich Jr., J. P., Crew III, White, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.