■ In the Matter of THEODORE J. WILSON, Petitioner, v NEW YORK STATE AND LOCAL POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents. [732 NYS2d 292] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner challenges only the denial of his application for

performance of duty disability retirement benefits, which was based upon petitioner's failure to provide the written notice required by Retirement and Social Security Law § 363-c (e) (a). Petitioner relies on the exception to the notice requirement applicable where notice in accordance with the Workers' Compensation Law was given (*see*, Retirement and Social Security Law § 363-c [e] [b] [1]), but petitioner did not file his written claim for workers' compensation benefits within the 30-day period provided by Workers' Compensation Law § 18. Although petitioner apparently gave oral notice of the occurrence and thereby provided the employer with actual knowledge of the occurrence within the 30-day period, which would be sufficient to permit the Workers' Compensation Board to excuse the lack of timely written notice (*see*, Workers' Compensation Law § 18), "[t]his court has repeatedly stated that a decision of the Workers' Compensation Board to excuse a petitioner's failure to comply with the provisions of Workers' Compensation Law § 18 is not binding upon respondent [Comptroller] for accidental disability retirement purposes and does not alter the fact that timely notice of the compensation claim was not given" (*Matter of Spahn v Regan*, 163 AD2d 642, 643). We see no reason to reach a different conclusion where, as here, the application is for performance of duty disability retirement benefits. Accordingly, inasmuch as none of the exceptions provided by Retirement and Social Security Law § 363-c (e) (b) is applicable, there is no basis to disturb the determination.

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.