■ In the Matter of TERESA M. KOEBEL, Appellant, v NEW YORK STATE COMPTROLLER et al., Respondents. [888 NYS2d 262]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 7, 2008 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.

On November 25, 2002, petitioner applied for accidental disability retirement benefits from her employment with the Port Authority of New York and New Jersey. In her application, petitioner described her disabling condition as post-traumatic stress disorder that resulted from her observation of the terrorist attacks on September 11, 2001 from a location in New Jersey and her subsequent performance of emergency management duties. Following a hearing, respondent Comptroller denied petitioner's application based upon her failure to give timely written notice to him as required by Retirement and Social Security Law § 63 (c). Petitioner challenged this determination in a CPLR article 78 proceeding. Supreme Court dismissed her petition and this appeal ensued.

Petitioner contends that the widely-known events of September 11, 2001 themselves satisfied the notice requirements of Retirement and Social Security Law § 63 (c). We cannot agree. Because that statute requires written notice of "[t]he nature and extent of the member's injuries, and [h]is [or her] alleged incapacity" (Retirement and Social Security Law § 63 [c] [a] [3],

[4]), and the events of that day would not give notice of petitioner's particular injury or disability, Supreme Court correctly determined that those events were insufficient to satisfy the notice requirements.

Nor is there merit in petitioner's alternate arguments that her oral notice to her supervisor was sufficient or that her mental state following September 11, 2001 constituted good cause under 2 NYCRR 331.2 (b) for not giving written notice. Timely written notice is statutorily mandated unless the application for retirement is filed within one year after the accident, the untimeliness is excused for good cause shown as provided in the Comptroller's rules and regulations, or notice of the claimant's accident is filed in accordance with the Workers' Compensation Law (*see* Retirement and Social Security Law § 63 [b]). None of those exceptions allows for oral notice or is otherwise applicable here. Petitioner did not apply for retirement within one year and her claim of good cause fails because her impairment does not come within either of the two categories of good cause listed in 2 NYCRR 331.2. Nor is there anything irrational or unreasonable about the Comptroller's construction of the statute as limiting the acceptable types of good cause to those listed in his duly promulgated rules and regulations (*see e.g. Matter of Johnson v Joy*, 48 NY2d 689, 691 [1979]; *Matter of Campanelli v McCall*, 288 AD2d 680, 681 [2001], *lv denied* 97 NY2d 611 [2002]). Petitioner also alleges that her employer was "alerted" to her psychological injury when she claimed workers' compensation benefits, but her excused untimely filing for those benefits was not binding on the Comptroller and did not preclude him from denying her retirement application (*see Matter of Wilson v New York State & Local Policemen's & Firemen's Retirement Sys.*, 288 AD2d 602, 603 [2001]).

Finally, we are unpersuaded by petitioner's contention that Executive Order (Pataki) No. 113.7 (9 NYCRR 5.113.7), by which the Governor temporarily suspended certain statutory time limitations following September 11, 2001, tolled the 90-day time period allowed for giving notice of her accident and injuries. Executive Order No. 113.7 suspended any legal limitations period that would conclude while the order was in effect. Executive Order (Pataki) No. 113.28 directed that Executive Order No. 113.7 would extend until October 12, 2001 and then terminate. When Executive Order No. 113.28 and its successors provided further extensions for certain specific statutory limitations periods, they did not include the period applicable here. Inasmuch as petitioner's time to give notice did not conclude between September 11, 2001 and October 12, 2001, her time to

give notice was not extended (*see Scheja v Sosa*, 4 AD3d 410, 411 [2004]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.