■ In the Matter of PETER MONACHELLI, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [924 NYS2d 597]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for performance of duty disability retirement benefits.

Petitioner, a police sergeant, filed two applications for performance of duty disability retirement benefits.* The first—filed in November 2003—set forth an incident date of September 23, 2003 and alleged that petitioner was permanently disabled as the result of a psychological disorder. That application was denied upon the ground that the disability alleged did not occur as the result of an incident sustained in service, and petitioner sought a rehearing and redetermination. The parties appeared before a Hearing Officer in May 2005, at which time petitioner was granted an adjournment to amend his application to set forth the particular dates that formed the basis for his alleged psychological disorder.

Petitioner thereafter filed a second application for performance of duty disability retirement benefits in June 2005, citing an incident date of June 8, 2000. This application subsequently was denied due to petitioner's failure to file the notice of accident required by Retirement and Social Security Law § 363-c (e) (a). Following a combined hearing on both applications, the Hearing Officer upheld the denials. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

---

* Petitioner also filed but subsequently withdrew an application for accidental disability retirement benefits.

We confirm. In order to be entitled to performance of duty disability retirement benefits, "petitioner bore the burden of demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of [a] . . . disability sustained in service" (*Matter of Micalizzi v DiNapoli*, 81 AD3d 1067, 1067 [2011] [internal quotation marks and citation omitted]; *see* Retirement and Social Security Law § 363-c [b] [1]; *Matter of Van Hasselt v New York State & Local Police & Fire Retirement Sys.*, 299 AD2d 687, 688 [2002]). That burden was not met here. As noted previously, petitioner's November 2003 application set forth an incident date of September 23, 2003. However, the record reflects, and the Hearing Officer expressly found, that no actual incident occurred on that date—save petitioner's decision to apply for benefits under General Municipal Law § 207-c and the Workers' Compensation Law. As neither petitioner's own testimony, which generically refers to numerous stressful incidents and various cumulative events, nor his medical records are sufficient to establish that he sustained a disability while in the performance of his duties, we cannot say that the Hearing Officer erred in denying his November 2003 application on this basis.

We reach a similar conclusion regarding the denial of petitioner's June 2005 application, which alleged an incident date of June 8, 2000. Pursuant to Retirement and Social Security Law § 363-c (e) (a), petitioner was required to file written notice with the Office of the Comptroller within 90 days of that incident date specifying the time, date and place of the underlying incident, together with the particulars thereof, as well as the nature and extent of the injuries sustained and the disability alleged. Although failure to file the required written notice may be excused for "good cause shown" (Retirement and Social Security Law § 363-c [e] [b] [3]), we agree that petitioner cannot avail himself of this exception. Even assuming that the police reports prepared in conjunction with the cited incident adequately set forth the time, date, place and particulars of the underlying event, none of those documents even remotely suggests that petitioner sustained any injury or disability as a result thereof as required by the applicable regulation (*see* 2 NYCRR 331.2 [b]; *Matter of Koebel v New York State Comptroller*, 66 AD3d 1307, 1308 [2009]). "Nor is there anything irrational or unreasonable about the Comptroller's construction of the statute as limiting the acceptable types of good cause of those listed in his duly promulgated rules and regulations" (*Matter of Koebel v New York State Comptroller*, 66 AD3d at 1308 [citations omitted]). Accordingly, petitioner's 2005 application was properly denied.

Petitioner's remaining contentions, including his assertion that he was denied due process, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.