In the Matter of JAMES D. COOK, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [979 NYS2d 184]—

Stein, J.

---

Pursuant to Retirement and Social Security Law § 363-c (e) (a), an applicant is required to file with respondent written notice of the time, date, place and particulars of the occurrence that is the basis of the claimed disability, as well as the nature and extent of the injuries and disability, within 90 days of such occurrence (*see Matter of Massi v DiNapoli*, 89 AD3d 1361, 1361-1362 [2011]). However, such notice need not be given where, as relevant here, notice of the occurrence has been filed "in accordance with the provisions of the workers' compensation law" or if the "failure to file notice has been excused for good cause shown as provided by rules and regulations promulgated by [respondent]" (Retirement and Social Security Law § 363-c [e] [b] [1], [3]; *see* 2 NYCRR 344.2 [b]). Here, although petitioner initially claims that the notice provision should be excused because he filed a workers' compensation claim, such claim was not filed within the time permitted by Workers' Compensation Law § 18. The ultimate decision of the Workers' Compensation Board to excuse the untimeliness of that claim was not binding on respondent and did not preclude denial of his retirement application (*see Matter of Koebel v New York State Comptroller*, 66 AD3d 1307, 1308 [2009]).

Turning to the good cause exception, the enabling regulation provides that a failure to timely file notice will be excused where, as relevant here, the applicant filed written notice with the *employer* within 30 days of the "occurrence of [a] disability . . . setting forth the particulars of the time, place, nature of the occurrence and the nature of the injury" (2 NYCRR 344.2 [b]; *see* 2 NYCRR 331.2 [b]). Despite petitioner's testimony that he began treating with his physician a few months after the January 10, 2009 incident, he concedes that he did not notify his employer that he had sustained an injury or disability as a result of the incident until a year later, when his physician ultimately determined that he could not work (*see Matter of Monachelli v DiNapoli*, 84 AD3d 1687, 1688 [2011], *lv denied* 18 NY3d 802 [2011]).[1] Further, contrary to petitioner's argument, we find nothing irrational or unreasonable about respondent's interpretation of the regulation as providing that the event that triggers the notice requirement is the occurrence that resulted in the disability, not the diagnosis of such disability (*see Matter of Koebel v New York State Comptroller*, 66 AD3d at 1308; *Mat-*

---

**1.** Notably, while petitioner asserts that he could not have provided the employer notice of the disability until he was diagnosed with posttraumatic stress disorder in January 2010, the C-3 workers' compensation claim indicates that he first received medical treatment for this injury in January 2009 and he testified that such treatment began a few months later.

*ter of Natoli v Regan*, 196 AD2d 945, 946 [1993]).[2] Accordingly, substantial evidence supports respondent's determination that petitioner could not avail himself of the good cause exception (*see Matter of Massi v DiNapoli*, 89 AD3d at 1361-1362; *Matter of Monachelli v DiNapoli*, 84 AD3d at 1688).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

**2.** The phrase "occurrence of disability" as set forth in the regulation (2 NYCRR 344.2 [b]) is used interchangeably with the phrase "occurrence which is the basis for the disability" as set forth in the statute (Retirement and Social Security Law § 363-c [e] [a]), which is evidenced by a comparison of the two. Specifically, the opening sentence of the good cause exception states that such exception is applicable where there has been a "[f]ailure to file timely *notice of occurrence of disability* in accordance with the provisions of [Retirement and Social Security Law § 363-c (e)]" (2 NYCRR 344.2 [emphasis added]); on the other hand, the statute does not contain that language and, instead, refers to the "occurrence which is the basis for the disability."