State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  May 19, 2016                    521833
_____

In the Matter of DANIEL G.
    KOENIG,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

                    _____


        Davis & Ferber, LLP, Islandia (Christopher S. Rothemich of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for respondents.

                    _____


McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental disability retirement
benefits.

        In July 2007, petitioner, a police officer, was injured
when a bullet fragment from another police officer's gunshot
ricocheted off a target at the firing range and struck petitioner
in the leg.  Upon his return to work in December 2007, petitioner
was placed on light duty assignment.  In January 2009, petitioner
filed an application for accidental disability retirement

benefits.  Following the commencement of a hearing, respondent New York State and Local Police and Fire Retirement System moved to assess petitioner's disability application on whether he was incapacitated from the performance of the duties assigned to light duty work in accordance with 2 NYCRR 364.3 (c) inasmuch as petitioner worked 100 or more hours of paid overtime within a 12-month period while working in a light duty capacity in the 12 months prior to filing the application for accidental disability retirement benefits.  Petitioner objected, noting that the hearing had already been commenced under the full duty performance standard and also contesting the 100 hours of overtime worked.  Respondent Comptroller, accepting the findings and conclusions of the Hearing Officer, found that whether petitioner was permanently disabled from the performance of his duties should be evaluated on the basis of his light duty assignment and thereafter denied his application for accidental disability retirement benefits.  This CPLR article 78 proceeding ensued.

Petitioner's contention that it was error, following the commencement of the hearing, to change the standard upon which to evaluate his disability retirement application from full duty to light duty performance, particularly given that he already had presented medical testimony based upon his full duty assignment, is without merit.  Here, evidence in the record established that petitioner continuously performed light duty assignment for a year following his return to work and also performed at least 100 hours of paid overtime during a 12-month period prior to filing his application for disability retirement benefits in accordance with 2 NYCRR 364.3 (c), which therefore requires that the determination on the issue of permanent incapacity be evaluated on the basis of the light duty assignment.  Although petitioner sought to deduct mandatory overtime for medical evaluations or court appearances and contractual travel overtime from petitioner's total hours of overtime,[1] we find nothing irrational, unreasonable, arbitrary or capricious in the

---

[1] Notably, even under his own assessment, petitioner completed more than 90 hours of voluntary overtime during the relevant 12-month period.

Comptroller's interpretation that, under the circumstances herein, such overtime was reasonably anticipated by the regulation and should not be excluded from the total overtime hours reported (see generally Matter of Cook v DiNapoli, 113 AD3d 949, 950 [2014]; Matter of Nigro v McCall, 218 AD2d 846, 848 [1995]; Matter of Natoli v Regan, 196 AD2d 945, 946 [1993]).  In any event, "[t]he Comptroller is vested with . . . the duty to correct errors and cannot be estopped to create rights to retirement benefits to which there is no entitlement" (Matter of Bombace v Nitido, 117 AD3d 1375, 1376 [2014] [internal quotation marks and citations omitted]; see Matter of Galanthay v New York State Teachers' Retirement Sys., 50 NY2d 984, 986 [1980]; Matter of Kempkes v DiNapoli, 111 AD3d 1009, 1010 [2013]).  Notably, no prejudice to petitioner resulted as he was afforded the opportunities to recall or have his medical expert submit an affidavit regarding petitioner's ability to perform light duty work and also was informed that appropriate time would be given in order for him to present any additional evidence or witnesses — opportunities of which petitioner declined to avail himself (see Matter of Perez-Dunham v McCall, 279 AD2d 884, 885 [2001]). Given that petitioner presented no evidence regarding his inability to perform light duty work, the Comptroller's denial of petitioner's application for accidental disability retirement benefits will not be disturbed.  Petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Devine, Clark and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court