Matter of Martinez v DiNapoli (2023 NY Slip Op 04163)

Matter of Martinez v DiNapoli

2023 NY Slip Op 04163

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

534978
[*1]In the Matter of Ricardo Martinez, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Schwab & Gasparini PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

McShan, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for performance of duty and accidental disability retirement benefits.
Petitioner, a police officer, filed applications for performance of duty and accidental disability retirement benefits in April 2019 based upon two separate incidents that occurred in August 2014 and January 2017, respectively. Petitioner alleged that he developed posttraumatic stress disorder as a result of the 2014 incident where, while responding to a call, he came into physical contact with a deceased body in an advanced state of decomposition while assisting a medical examiner at the scene. As to the 2017 incident, petitioner alleged that he was injured when he jumped a wall during a foot pursuit of multiple suspects and fell a distance of roughly 10 feet on the other side. Respondent initially denied the applications and petitioner sought a hearing and a redetermination. Following a hearing, the Hearing Officer upheld the denials upon, among other grounds, petitioner's failure to provide proper notice of an alleged disability as to both incidents. Respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. To be eligible for performance of duty and accidental disability retirement benefits, petitioner was required to file written notice with respondent within 90 days after each of the incidents upon which his alleged disabilities are based; the notice must include the date, time and place of the occurrence and the nature of the injuries and the alleged disability (see Retirement and Social Security Law §§ 363 [c] [a]; 363-c [e] [a]). Retirement and Social Security Law §§ 363 and 363-c provide exceptions to this notice requirement where, as is relevant here, notice of the accident has been filed "in accordance with the provisions of the [W]orkers' [C]ompensation [L]aw" or for "good cause shown as provided by [respondent's] rules and regulations" (Retirement and Social Security Law §§ 363 [c] [b]; 363-c [e] [b]).
As to the 2014 incident, petitioner testified at the hearing that he verbally informed his supervisors of the incident immediately after it occurred. Petitioner does not dispute, however, that he failed to timely provide written notice of the incident as is required. We agree that petitioner has not demonstrated good cause for his failure in this regard so as to trigger an exception to the notice requirement (see Retirement and Social Security Law §§ 363 [c] [b]; 363-c [e] [b]; 2 NYCRR 331.2, 344.2). Turning to the 2017 incident, petitioner contends that an exception to the notice requirement applies because the accident and his related injuries are the subject of a Workers' Compensation claim. The record reflects, however, that petitioner did not file his written claim for workers' compensation benefits [*2]within the 30-day period provided by Workers' Compensation Law § 18 (see Matter of Wilson v New York State & Local Policemen's & Firemen's Retirement Sys., 288 AD2d 602, 603 [3d Dept 2001]). Further, although notice of the incident was filed with the Workers' Compensation Board, it was not filed in accordance with the provisions of Workers' Compensation Law § 18, requiring that written notice be given to the employer within 30 days after the accident (see Workers' Compensation Law § 18; Retirement and Social Security Law § 363 [c] [b]; 363-c [e] [b]). In this respect, while the Board may have been justified in excusing this defect, that decision is not binding upon respondent and does not preclude the denial of petitioner's retirement applications (see Matter of Cook v DiNapoli, 113 AD3d 949, 950 [3d Dept 2014]; Matter of Koebel v New York State Comptroller, 66 AD3d 1307, 1308 [3d Dept 2009]). Petitioner's belated contention — first set forth at oral argument — that the requisite written notice to his employer is established by a notation contained in his employer's report to the Board is unpreserved for our review, as it was neither brought to respondent's attention during its review of petitioner's application, nor was it raised during the subsequent hearing after his application was denied (see generally Matter of Dormeyer v McCall, 289 AD2d 774, 775 [3d Dept 2001]). In any event, we agree with respondent that the notation by petitioner's employer on the report is insufficient to meet petitioner's burden of proof and establish that he provided signed written notice setting forth the particulars of his accident and injury to his employer within the required time frame (see Matter of Wilson v New York State & Local Policemen's & Firemen's Retirement Sys., 288 AD2d at 603; Matter of Natoli v Regan, 196 AD2d 945, 945 [3d Dept 1993]; 2 NYCRR 331.2, 344.2).[FN1]
As petitioner failed to establish that he complied with the applicable notice requirements for either incident, and given that he cannot avail himself of the exceptions thereto, his applications were properly denied (see Matter of Cook v DiNapoli, 113 AD3d at 950; Matter of Massi v DiNapoli, 89 AD3d 1361, 1361-1362 [3d Dept 2011]; Matter of Monachelli v DiNapoli, 84 AD3d 1687, 1688 [3d Dept 2011], lv denied 18 NY3d 802 [2011]). Were we to address petitioner's argument that the 2017 incident qualified as an accident within the meaning of Retirement and Social Security Law § 363, we find that his contention lacks merit, as he was injured in the ordinary course of his duties and the injury could be reasonably anticipated as a result of his actions (see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1305 [3d Dept 2020]). To the extent that petitioner's remaining contentions have not been rendered academic by our decision, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination [*3]is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Notably, the record reflects that respondent and petitioner's employer exchanged multiple emails wherein respondent requested all documents pertaining to petitioner's applications. The record contains no direct evidence that any proof of written notice was provided in response.