Matter of Stein v DiNapoli (2025 NY Slip Op 04212)

Matter of Stein v DiNapoli

2025 NY Slip Op 04212

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CV-24-0771
[*1]In the Matter of Kristin Stein, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Schwab & Gasparini, PLLC, White Plains (Victor Aqeel of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner filed an application for accidental disability retirement benefits in September 2021 seeking to recover for psychological injuries ostensibly sustained during the course of an assault occurring at her workplace in January 2019. The application was denied upon the ground that petitioner did not comply with the notice provisions of Retirement and Social Security Law § 363 (c). Following a hearing and redetermination, the Hearing Officer upheld the denial finding, among other things, that petitioner did not provide respondent notice of the nature and extent of her injuries within 90 days of the incident and that the statutory exceptions to the notice requirement did not apply. Upon administrative review, respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
Pursuant to Retirement and Social Security Law § 363 (c) (a), no application for accidental disability retirement benefits shall be approved unless the applicant has filed with respondent, within 90 days of the incident upon which the alleged disability is based, written notice of, among other things, the particulars of the incident and the nature and extent of the injuries sustained (see Matter of Martinez v DiNapoli, 219 AD3d 992, 992 [3d Dept 2023]; see also Retirement and Social Security Law § 363-c [e] [b]). Nevertheless, exceptions to the statutory notice requirement are provided for and include, as relevant here, where "notice of such accident [has been] filed in accordance with the provisions of the [W]orkers' [C]ompensation [L]aw" or "for good cause shown as provided by [the applicable] rules and regulations" (Retirement and Social Security Law § 363 [c] [b] [1], [3]; see 2 NYCRR 331.2; Matter of Martinez v DiNapoli, 219 AD3d at 993). Good cause may be established when "the applicant, within 30 days after the date of the accident, file[s] written notice with [the] employer setting forth the particulars of the time, place, nature and cause of the accident and the nature of the injury" (2 NYCRR 331.2 [b]; cf. Matter of Cook v DiNapoli, 113 AD3d 949, 950 [3d Dept 2014]).
It is undisputed that petitioner did not file written notice of the January 2019 incident with respondent within the required 90 days. Although petitioner contends — and we agree — that her employer had actual notice of the incident at the time of its occurrence, the statute requires written notice (see Retirement and Social Security Law § 363 [c] [a]; see also Matter of Berman v DiNapoli, 208 AD3d 1568, 1569-1570 [3d Dept 2022]; Matter of Natoli v Regan, 196 AD2d 945, 945 [3d Dept 1993]). Therefore, petitioner was required to demonstrate that an exception to the statutory [*2]notice requirement applies.
As to the specific exceptions invoked by petitioner, she did not file a claim for workers' compensation benefits, premised upon her alleged psychological injuries, until nearly 2½ years after the underlying incident occurred and well beyond the 30-day notice requirement set forth in Workers' Compensation Law § 18. Even assuming that the Workers' Compensation Board elected to excuse this defect on the basis that petitioner's employer had actual knowledge of the accident (see Matter of Sedlock v Employ Bridge, 172 AD3d 1684, 1686 [3d Dept 2019]; Matter of Oberson v Bureau of Ferry Aviation & Transp., 303 AD2d 795, 795 [3d Dept 2003], lv denied 100 NY2d 507 [2003], cert denied 540 US 1151 [2004]), any decision in that regard would neither be binding upon respondent nor preclude the denial of petitioner's accidental disability retirement application (see Matter of Martinez v DiNapoli, 219 AD3d at 993; Matter of Koebel v New York State Comptroller, 66 AD3d 1307, 1308 [3d Dept 2009]; Matter of Wilson v New York State & Local Policemen's & Firemen's Retirement Sys., 288 AD2d 602, 603 [3d Dept 2001]).
Nor are we persuaded that petitioner may avail herself of the good cause exception. Although there is no question that an investigation was conducted almost immediately after the January 2019 incident and numerous reports, summaries and statements were filed promptly thereafter, none of those documents filed prior to July 2021 — including petitioner's own statements — describe the nature of the assault as presently alleged, nor do those contemporaneous records make mention of any injury. Further, to the extent that petitioner argues that she was unaware of her alleged injuries until she received a formal diagnosis in 2021, there is "nothing irrational or unreasonable about respondent's interpretation of the regulation as providing that the event that triggers the notice requirement is the occurrence that resulted in the disability, not the diagnosis of such disability" (Matter of Cook v DiNapoli, 113 AD3d at 950). As the documentary evidence upon which petitioner relies fails to describe the nature of the accident and the resulting injuries alleged, substantial evidence supports respondent's finding that petitioner cannot avail herself of the good cause exception (see Matter of Martinez v DiNapoli, 219 AD3d at 993-994; cf. Matter of Cook v DiNapoli, 113 AD3d at 950-951; Matter of Wilson v New York State & Local Policemen's & Firemen's Retirement Sys., 288 AD2d at 603). Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.